**Julio CERVANTES, Plaintiff-Appellant,**

v.

**IMCO, HALLIBURTON SERVICES, Defendant-Appellee.**

No. 82–2315.

United States Court of Appeals, Fifth Circuit.

Feb. 10, 1984.

Rehearing Denied March 26, 1984.

David Horton, Texas Rural Legal Aid, Inc., Edinburg, Tex., for plaintiff-appellant.

O.C. Hamilton, Jr., Neil E. Norquest, McAllen, Tex., for defendant-appellee.

Before CLARK, Chief Judge, and GOLDBERG and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

Invoking Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, and 42 U.S.C. § 1981, Julio Cervantes sued his former employer, IMCO-Halliburton Services, alleging that he had been discriminated against on the basis of national origin. Specifically, he complained that IMCO fired and then refused to rehire him following his recovery from a temporarily disabling injury sustained on the job. Cervantes alleged that IMCO treated him differently than it treated white employees who were injured while working and who filed workers' compensation claims. The district court granted IMCO's motion for summary judgment on the ground that all of Cervantes' federal claims were time-barred. Because the district court erred in its determination of the date on which the limitations period began to accrue, we vacate the grant of summary judgment and remand.

### Facts

Cervantes is Hispanic. He was hired by IMCO in August 1976 as a truck driver and warehouse worker. In July 1977, he injured his back while unloading heavy sacks of chemicals from a railroad car. Because of this injury he was assigned to "light duty" for a week. He was then returned to his regular driving and warehouse duties and, on August 3, 1977, he reinjured his back while unloading cargo. He sought medical treatment and was advised by his doctor to remain off work until he had recovered from his back injury.

Cervantes applied for workers' compensation benefits. His claim was settled on June 30, 1978. In either August or October 1978,[1] Cervantes was released by his physi-

---

1. The record contains conflicting references to the date of Cervantes' release by the doctor to

cian and told that he could return to work. Cervantes reported to his IMCO supervisor on October 30, 1978 that he was physically ready and able to resume his job. The IMCO supervisor informed Cervantes that the company had terminated his employment back in August 1977, that his position had since been filled, and that there was no other job available at IMCO for which he was qualified. This was the first notice of discharge that Cervantes received from IMCO. During the 15-month interval between his injury and his attempt to return to work, Cervantes received no written or oral communication from IMCO suggesting that he had been terminated. In addition, IMCO had no known company policy of automatically discharging any employee temporarily disabled by an injury sustained at work.

On December 10, 1978, Cervantes filed an employment discrimination charge against IMCO with the Equal Employment Opportunity Commission.[2] The EEOC issued the statutory right-to-sue letter on February 27, 1980, and Cervantes filed the instant suit on April 8, 1980.

Cervantes' complaint alleges discrimination based on national origin in IMCO's decision to discharge him and in its later refusal to rehire him. The gravamen of his complaint is that Hispanic employees who filed workers' compensation claims for temporarily disabling on-the-job injuries were fired and refused reemployment whereas white employees in similar situations either were not discharged or, if discharged, were reemployed at jobs commensurate with their diminished physical abilities. Invoking the doctrine of pendent jurisdiction,

Cervantes also claimed that IMCO violated Texas law, in particular Article 8307c, Revised Civil Statutes, by discharging him in retaliation for filing a workers' compensation claim.

The district court granted IMCO's motion for summary judgment on the ground that all of Cervantes' claims had accrued on or before August 3, 1977, the date of Cervantes' temporarily disabling injury and the last day he actually worked for IMCO. From this linchpin the district court held that Cervantes failed to file his Title VII claim with the EEOC within the statutory 180-day period,[3] and failed to file his § 1981 suit within the applicable two-year limitations period.[4] Because of its dismissal of the federal claims, the court also dismissed Cervantes' pendent state claim.

*Analysis*

Although federal courts frequently adopt state law when determining the appropriate period of limitations for the assertion of federally created rights, "the time from which the period begins to run is a matter of federal law." *McWilliams v. Escambia County School Bd.,* 658 F.2d 326, 330 (5th Cir.1981). Under established federal law, the 180-day limitations period for Title VII claims and the limitations period for § 1981 employment discrimination claims begin to accrue "when the plaintiff knows or reasonably should know that the discriminatory act has occurred." *Id.* In the case at bar, the applicable periods were not triggered until IMCO's alleged discriminatory employment action was communicated to Cervantes in such a way that he knew or reasonably should have known that he

return to work. Because of our holding on the limitations issue this conflict is irrelevant to today's disposition.

2. The EEOC amended Cervantes' charge on February 19, 1979. Issues respecting the adequacy of Cervantes' administrative complaint and of the congruence between the original EEOC charges and the judicial complaint are not relevant to the present appeal.

3. Title VII requires the aggrieved person to file a complaint with the EEOC "within one hundred and eighty days after the alleged unlawful

employment practice occurred." 42 U.S.C. § 2000e–5(e).

4. The limitations period applicable to § 1981 claims is that applied to the most closely analogous claim under state law. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *McWilliams v. Escambia County School Bd.,* 658 F.2d 326 (5th Cir.1981). The parties agree that under Texas law the relevant limitations period is two years.

had been fired and would not be rehired. The limitations periods began to accrue "when the ... decision was made and [Cervantes] was notified." *Delaware State College v. Ricks,* 449 U.S. 250, 259, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980).

Therefore, the limitations periods applicable to Cervantes' claims started on October 30, 1978, when the IMCO supervisor first notified Cervantes that his employment had been terminated and that he would not be rehired. We find no record support for IMCO's contention that Cervantes knew or reasonably should have known of the alleged discriminatory employment decisions prior to October 30, 1978.

Cervantes filed his Title VII administrative charges with the EEOC on December 10, 1978, within the 180 days prescribed by statute. He filed his § 1981 petition on April 8, 1980, within the two years allowed.[5] Cervantes' claims were timely asserted. The summary judgment is VACATED and the matter is REMANDED for further proceedings. The pendent state claims are REINSTATED.

---

**5.** We neither suggest nor intimate any decision as to whether a claim of national origin discrimination is cognizable under § 1981. *See* *Delaware State College v. Ricks,* 449 U.S. at 256 n. 6, 101 S.Ct. at 503 n. 6.