**W.M. SCHEERER, Plaintiff,**

v.

**ROSE STATE COLLEGE, Defendant.**

**No. CIV–90–101–B.**

United States District Court,
W.D. Oklahoma.

April 5, 1991.

Donald W. Davis, Oklahoma City, Okl., for plaintiff.

Sherry Blankenship, Ted N. Pool, Pool, Thompson, Coldiron, Blankenship & Vincent, Oklahoma City, Okl., for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

BOHANON, District Judge.

Before the court is the motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure filed by the Defendant, Rose State College, on March 8, 1991. Plaintiff's response was filed on March 25, 1991. The issues have been fully briefed and are ripe for determination. After careful review of the motion, supporting brief and attached exhibits as well as Plaintiff's response and attached exhibits, the court finds that Defendant's motion for summary judgment should be granted as to each of Plaintiff's claims.

Plaintiff, Wynelle Scheerer's, complaint results from Defendant's failure to hire Plaintiff as Director of Nursing, a decision which Plaintiff claims was based on discriminatory hiring practices. This court's jurisdiction is invoked under 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. §§ 2201 and 2202. Plaintiff brings her action under Title VII, 42 U.S.C. § 2000e, as amended, as well as 42 U.S.C. §§ 1981 and 1982, and 20 U.S.C. §§ 1681 and 1684. Defendant's motion for summary judgment addresses each of these claims.

### STANDARD OF REVIEW

The standard for granting summary judgment is expressed in Rule 56 of the Federal Rules of Civil Procedure. This rule provides that judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When a motion for summary judgment is made, the party opposing the motion may not rest on the pleadings or on mere allegations or denials, but "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 56(e). The adverse party must present sufficient evidence that his claim has merit. *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). On a summary judgment motion, the court is required to pierce the pleadings and evaluate the actual proof to determine whether summary judgment is appropriate. Fed. R.Civ.P. 56 (Advisory Committee Notes).

### I. 20 U.S.C. §§ 1681 and 1684 Claims

■ As a preliminary matter, Plaintiff has wholly failed to address Defendant's argument with respect to her claims brought pursuant to 20 U.S.C. §§ 1681 and 1684. Therefore, the court deems Plaintiff

to have waived or abandoned those claims. Defendant's motion for summary judgment is granted as to those claims arising under 20 U.S.C. §§ 1681 and 1684.

## II.  42 U.S.C. §§ 1981 and 1982 Claims

■ Second, a review of the record in this case reveals that Plaintiff's claims under 42 U.S.C. §§ 1981 and 1982 are clearly brought outside the applicable statute of limitations with respect to these particular civil rights statutes.  Federal civil rights statutes do not specify a statute of limitations for section 1981 and section 1982 actions.  Therefore, courts have been uniformly clear in stating that a federal court should adopt the most analogous state statute of limitations.  *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).  The characterization of an action for purposes of selecting the appropriate state statute is ultimately a question of federal law.  *International Union, United Auto, Aerospace & Agr. Impl. Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966).  In the *Garcia* case, the Supreme Court ruled that section 1983 claims are best characterized as personal injury actions for purposes of selecting the most appropriate state statute of limitations.  The Supreme Court has further found that the *Garcia* rationale is equally applicable to claims brought under 1981 since all section 1981 claims are in essence actions for injury to personal rights.  *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987).  *See also E.E.O.C. v. Gaddis*, 733 F.2d 1373 (10th Cir.1984).  Likewise, actions brought pursuant to section 1982 are best characterized as personal injury actions.  *See Goodman*, 482 U.S. at 660–61, 107 S.Ct. at 2620–21 (sections 1981, 1982 and 1983 are all "part of a federal law barring racial discrimination, which ... is a fundamental injury to the individual rights of a person.").  Under these holdings, the most analogous Oklahoma statute is the two-year limitations period for injury to the rights of another.  *See* Okla.Stat. tit. 12, § 95.

■ Further, Oklahoma law is clear with respect to the accrual of causes of action for claims for injury to the rights of another.  Generally, the statute of limitations begins to run when the cause of action accrues, and the test for determining when the cause of action accrues is to ascertain the time when the plaintiff could first maintain her action.  *Knudson v. Weeks*, 394 F.Supp. 963 (W.D.Okla.1975).

In the present case, the court finds that Plaintiff's claim accrued when she was informed that the employment decision had been made and she was not hired.  As will be discussed in greater detail *infra.*, Plaintiff had knowledge that she was not hired for the position in May or June, 1985.[1]  The record reflects that Plaintiff's complaint was filed on January 17, 1990, well outside the two-year limitations period.

■ Moreover, the law is equally clear that filing an administrative claim under Title VII does not toll the statute of limitations on an action brought pursuant to sections 1981 and 1982 concerning equal rights under the law.  *Page v. U.S. Indus., Inc.*, 556 F.2d 346 (5th Cir.1977).  The court concludes, therefore, that Plaintiff's claims brought under 42 U.S.C. §§ 1981 and 1982 are time-barred.  Consequently, those claims should be dismissed.

## III.  Title VII Claim

Next, the court addresses Plaintiff's Title VII claim for race discrimination and the effect of the statutory limitations period on her claim.  For purposes of analyzing these issues, the court finds the following facts are uncontroverted by the evidence.

On January 5, 1985, Plaintiff responded to an advertisement soliciting resumes for the position of Director of Nursing at Rose State College.  She reapplied for the position on May 2, 1985.  Plaintiff was notified by letter dated June 24, 1985, and mailed to Plaintiff's address that she was not hired

---

**1.**  The precise date is not particularly relevant to the present discussion as it will be when the court addresses the limitations period under Title VII.

for the position.[2]

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 26, 1986. The EEOC referred Plaintiff's charge to the Oklahoma Human Rights Commission on April 11, 1986. The state agency indicated that it did not intend to initially process the charge and deferred to the EEOC on April 23, 1986.

The EEOC issued a dismissal and notice of right to sue on June 6, 1989. The EEOC determined that Plaintiff's claim was untimely filed, and therefore, the Commission had no authority to investigate her claim. By letter dated June 9, 1989, Plaintiff informed Donald Burris, Oklahoma City Area Director of the EEOC, that she "rejected" the dismissal of her charge. On August 24, 1989, the District Director of the EEOC notified Plaintiff that her charge was to be reopened for the "limited purpose of acquiring more information on the timeliness of the charge." Defendant's Ex. 7 attached to its brief in support of its motion for summary judgment. However, by letter dated September 18, 1989, Donald Burris addressed the merits of Plaintiff's charge rather than the timeliness issue for which the charge had been reopened. His determination was that there had been no racially discriminatory motive in rejecting Plaintiff for the Director's position. On September 24, 1989, Mr. Burris sent a letter entitled "DETERMINATION" to Plaintiff informing her that her charge had no merit. It further informed her that she could request a review of his determination if she did so before October 13, 1989. The significant language provides:

This determination does not conclude the processing of this charge. If the Charging Party wishes to have this determination reviewed, she must submit a signed letter to the Determinations Review Program which clearly sets forth the rea-

sons for requesting the review and which lists the Charge Number and Respondent's name. Charging Party must also attach a copy of this Determination to her letter.

These documents must be PERSONALLY DELIVERED OR MAILED (POSTMARKED) ON OR BEFORE OCTOBER 13, 1989 to the Determinations Review Program.... IT IS RECOMMENDED THAT SOME PROOF OF MAILING, SUCH AS A CERTIFIED MAIL RECEIPT, BE SECURED.

If the Charging Party submits a request by the date shown above, the Commission will review the determination. Upon completion of the review, the Charging Party and Respondent will be issued a final determination which will contain the results of the review and what further action, if any, the Commission may take. The final determination will also give notice, as appropriate, of the Charging Party's right to sue.

If the Charging Party does not request a determination by October 13, 1989, this determination will become final the following day, the processing of this charge will be complete, and the charge will be dismissed. (This letter will be the only notice of dismissal and the only notice of the Charging Party's right to sue sent by the Commission." FOLLOWING DISMISSAL, THE CHARGING PARTY MAY ONLY PURSUE THIS MATTER FURTHER BY FILING SUIT AGAINST THE RESPONDENT(S) NAMED IN THE CHARGE IN FEDERAL DISTRICT COURT WITHIN 90 DAYS OF THE EFFECTIVE DATE OF DISMISSAL. Therefore, in the event a request for review is not made, if a suit is not filed by January 12, 1990, the Charging Party's right to sue will be lost.

Defendant's Ex. 9 attached to its brief in support of its motion for summary judg-

---

**2.** Plaintiff testified in deposition that she telephoned a representative of the Defendant and was told that someone else had been hired for the position. This conversation occurred somewhere between the date the successful applicant began her employment, the last week in May, 1985, and the date that Plaintiff received the

June 24, 1985 letter. There is no evidence, however, with respect to when this occurred. Plaintiff merely testified that she had spoken with someone at the college, but she was unable to recall when that conversation took place. Defendant offers no further evidence on this point.

ment (emphasis in second paragraph added).

Plaintiff typed a response to Mr. Burris' letter on the bottom of the September 18, 1989, letter and sent it to the Determinations Review Program in Washington, D.C., where it was received on October 27, 1990.[3] Defendant's Ex. 8 attached to its brief in support of its motion for summary judgment. On January 5, 1990, the Acting Director of the Determinations Review Program notified Plaintiff that her request for review was untimely. It further stated:

> [Y]our request is not accepted and the Letter of Determination issued to you by our field office has become the final determination of the Commission. The Commission's administrative processing of your charge has been terminated.
>
> Should you wish to pursue this matter further, you may do so by filing suit under Title VII in Federal District Court against the Respondent(s) named above. Any such suit must be filed within 90 days of the effective date of dismissal, as discussed in the Letter of Determination. Therefore, if a suit is not filed by January 12, 1990, your Right to Sue will be lost.

Defendant's Ex. 10 attached to its brief in support of its motion for summary judgment. Plaintiff testified she received the Review Program's rejection on January 12, 1990. Plaintiff's complaint in the present case was filed on January 17, 1990.

■ Defendant argues that Plaintiff's Title VII is barred by the statute of limitations for either of two reasons. First, it alleges that Plaintiff's charge of discrimination was filed outside the 300–day period for filing under 42 U.S.C. § 2000e–5(e). The statute provides as a general rule that a complainant must file a discrimination charge with the EEOC within 180 days of the occurrence of the alleged unlawful employment practice. *Id.* If a complainant initially institutes proceedings with a state or local agency with authority to grant or

seek relief from the practice charged, the time limit for filing with the EEOC is extended to 300 days. *Id.* The Act further provides that no charge may be filed with the EEOC until 60 days have elapsed from initial filing of the charge with an authorized state or local agency, unless that agency's proceedings "have been earlier terminated." 42 U.S.C. § 2000e–5(c). Because of the 60–day referral period, a complainant must file a charge with the appropriate state agency, or have the EEOC refer the charge to that agency, within 240 days of the alleged discriminatory act in order to ensure that it may be filed with the EEOC within the 300–day limit. *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). If the complainant does not file within 240 days, the charge may still be timely filed with the EEOC if the state agency terminates its proceedings before 300 days. *Id.* "Termination" of state proceedings has been held to include a waiver of a right to initially process a charge of discrimination. *See E.E.O.C. v. Commercial Office Prods. Co.*, 486 U.S. 107, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988).

In the present case, Oklahoma has a work-sharing agreement with the EEOC. Thus, provided Plaintiff is able to meet the 300–day requirement as outlined above, her charge of discrimination was timely filed.

■ The limitations period for filing a claim with the EEOC begins to run on the date the plaintiff receives notice of the allegedly discriminatory act, not the date the decision actually takes effect. *Tadros v. Coleman*, 717 F.Supp. 996 (S.D.N.Y.1989) *affirmed*, 898 F.2d 10 (2nd Cir.1990). If there is some question concerning when plaintiff received notice, the limitations period begins to run from the time the plaintiff knows or reasonably should know that the act occurred. *McWilliams v. Escambia County School Bd.*, 658 F.2d 326 (5th Cir.1981).

---

3. Plaintiff's counsel argues that Plaintiff "contends that she filed her request [for review of determination] on or before the 1st day, of October, 1989." Plaintiff's brief in support of the objection to motion for summary judgment at 4. However, the record is devoid of any evidence relative to this contention.

Here, the evidence indicates that notice was sent to Plaintiff on June 24, 1985. However, in her deposition, Plaintiff denied ever having received such notification although it was sent to her correct address. *See* Defendant's Ex. 16 attached to its brief in support of motion for summary judgment. Plaintiff further admitted that, even though she did not recall seeing the June 24, 1985, letter, she was told on the phone that the position had been filled. But she does not remember when this conversation took place. *Id.* Since the evidence is such that a precise date for the telephone conversation cannot be fixed, the only evidence on this issue is the June 24, 1985, letter. Allowing three days for time in the mail, the date on which the 300–day period begins to run is June 27, 1985. Three hundred days from June 27, 1985 is April 24, 1986.

The evidence in this case shows that the Oklahoma Human Rights Commission deferred processing of Plaintiff's initial charge and notified EEOC of such on April 23, 1986, the 299th day. The court therefore finds that Plaintiff's charge was indeed filed within the statutory period.

■ Defendant next argues that Plaintiff filed her complaint in this court outside the EEOC-imposed January 12, 1990, filing date set forth in the EEOC determination letter; consequently, her Title VII is time-barred. The record indeed reflects that Plaintiff's complaint was filed on January 17, 1990. Plaintiff, in turn, argues that equitable tolling should apply to toll the period for filing for two reasons. First, she urges that the finality of the determination letter which was contingent upon her request for review from the Determinations Review Program was improper. Second, she argues that she was misled into thinking the determination was being reviewed until January 12, 1990, when she received notice from the Determinations Review Program that her review was rejected for having been filed untimely.

The United States Supreme Court has recognized that limitations period for actions brought under Title VII are not jurisdictional and may be subject to equitable tolling. *Zipes v. Transworld Airlines Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Equitable tolling is appropriate only where the circumstances of the case rise to a level of active deception, sufficient to invoke the powers of equity. For instance, equitable tolling may be appropriate under the following circumstances:

1. plaintiff has received inadequate notice;
2. a motion for appointment of counsel is pending;
3. the court has led the plaintiff to believe that she had done everything required of her;
4. affirmative misconduct on the part of a defendant lulled the plaintiff in inaction.

*See Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

Addressing Plaintiff's first argument, the court finds her position unpersuasive. Plaintiff offers no case law or other argument in support of her position. Absent an argument based either on law or public policy, the court is unwilling to conclude that the EEOC's actions in this case were improper.

Moreover, the court determines that the September 24, 1989, letter to Plaintiff very clearly stated her further responsibilities. She was required to either request review by letter delivered or postmarked by October 13, 1989, or file suit by January 12, 1990. Plaintiff did neither. Therefore, the court fails to see how Plaintiff could have been misled by the review program's actions. A review of the record reveals no circumstance or action on the part of EEOC or Defendant which could constitute a sufficient ground for equitable tolling. Accordingly, Plaintiff's Title VII claim should be dismissed. As there are no remaining claims, this action should be dismissed in its entirety.

WHEREFORE, IT IS ORDERED that Defendant, Rose State College's, motion for summary judgment is GRANTED, and this action is DISMISSED in its entirety.

Accordingly, the trial date currently set for April 8, 1991 is hereby stricken.