Bronson FRANK, Plaintiff,

v.

NEW YORK STATE ELECTRIC & GAS, et al., Defendants.

No. 91–CV–652A.

United States District Court, W.D. New York.

Dec. 12, 1994.

Bronson Frank, pro se.

Richard Lipsitz, for defendants.

## ORDER

ARCARA, District Judge.

The above-referenced case was referred to Magistrate Judge Carol E. Heckman, pursuant to 28 U.S.C. § 636(b)(1)(B) on April 8, 1994. On September 27, 1994, Magistrate Judge Heckman filed a Report and Recom-mendation recommending that defendants' motions for summary judgment be granted and the case dismissed.

The Court having carefully reviewed the Report and Recommendation, as well as the pleadings and materials submitted by the parties; and no objections having been time-ly filed, it is hereby

ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in Magistrate Judge Heckman's Report and Recommendation, defendants' motions for summary judgment are granted and the case is dismissed in its entirety.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

This case has been referred to the under-signed by Hon. Richard J. Arcara to hear and report on dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(B). Defendants have filed motions to dismiss and/or for sum-mary judgment. For the following reasons, it is recommended that defendants' motions be granted, and the case dismissed.

### BACKGROUND

As set forth in the district court's decision and order dated February 24, 1994 (Item 7), plaintiff filed two separate *pro se* actions in October, 1991 while he was incarcerated at Wende Correctional Facility. Both actions related to his June 16, 1988 termination from employment at the Somerset plant of the New York State Electric and Gas Corpora-tion ("NYSEG") in Barker, New York. On December 9, 1991, the district court consoli-dated the two actions under the above cap-tioned title and civil docket number, granted plaintiff's request to proceed *in forma pau-peris,* and dismissed the consolidated action with leave to replead in accordance with Rule 8(a) of the Federal Rules of Civil Procedure (Item 4; *see also* 91–CV–689A, Item 3 (con-solidation order)).

On February 24, 1994, upon review under Rule 8(a) and 28 U.S.C. § 1915(d), the dis-

trict court granted plaintiff leave to file his amended complaint. The amended complaint alleges that NYSEG discharged him without cause because he is black, while it retained a similarly situated white employee, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. It also alleges that his union, Local No. 966 of the International Brotherhood of Electrical Workers Systems Council U–7 ("IBEW"), failed to pursue his grievance to arbitration in violation of its duty of fair representation. The amended complaint names NYSEG employees Charles Sjoberg and Ray Hynick as defendants, but does not allege any facts pertaining to their conduct. The amended complaint also alleges a class of similarly situated black NYSEG employees (Item 8).

In its February 24, 1994 decision and order, the district court denied class certification. It further stated that, while plaintiff had failed to submit proof of filing an administrative complaint as required under Title VII, such failure was not a jurisdictional bar to this action. Finally, the district court refused to dismiss plaintiff's claim against the union.

The material facts of the case are not in dispute. At the time of his termination from NYSEG in June, 1988, plaintiff was incarcerated in county jail on charges of burglary, attempted rape and sodomy. Upon posting bail, he was reinstated by NYSEG but suspended from employment indefinitely pending disposition of the criminal charges against him. (Bystrak Aff., Item 14, ¶ 7). He filed a grievance with IBEW on July 11, 1988 (*Id.*, Ex. A).

By letter dated October 17, 1988, IBEW president Stanley Bystrak notified NYSEG that the union wished to proceed to arbitration since no agreement could be reached on plaintiff's grievance (*Id.*, Ex. B). However, by letter dated November 6, 1988, IBEW notified NYSEG that it was withdrawing the grievance because it had received information that, on October 26, 1988, plaintiff had pleaded guilty to the criminal charges against him and had been sentenced to a minimum term of 8½ years in prison (*Id.*, Ex. C). By letter dated November 8, 1988, Som-

erset station manager Charles Sjoberg notified plaintiff that NYSEG had been informed of plaintiff's guilty plea and incarceration, and was therefore terminating his employment (*Id.*, Ex. D).

On September 1, 1989, plaintiff filed an unfair labor practice charge against IBEW with the National Labor Relations Board ("NLRB"), pursuant to § 8(b)(1)(A) of the National Labor Relations Act, 29 U.S.C. § 158(b)(1)(A) (*Id.*, Ex. E). By letter dated October 24, 1989, the NLRB notified plaintiff that it would not issue a complaint against IBEW for unfair representation because the union processed his grievance until it was notified of his incarceration, and there was no evidence of discrimination or disparate treatment (*Id.*, Ex. F). On December 4, 1989, plaintiff's appeal was denied by the NLRB Office of Appeals (*Id.*, Ex. G).

NYSEG and IBEW move for summary judgment dismissing the Title VII claim for failure to file an administrative complaint, and dismissing the claim under 42 U.S.C. § 1981 for failure to state a claim and failure to comply with the three-year statute of limitations. IBEW also moves for summary judgment dismissing the breach of duty of fair representation claim for failure to state a claim and failure to comply with the six-month statute of limitations.

### DISCUSSION

#### I. Summary Judgment.

Summary judgment is appropriate if the pleadings, discovery materials, and affidavits on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Coach Leatherware Co., Inc. v. Ann Taylor, Inc.*, 933 F.2d 162, 166–67 (2d Cir.1991). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury

could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc., supra,* 477 U.S. at 248, 106 S.Ct. at 2510; *see Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

■■■ Once the moving party has met its burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a "metaphysical doubt" concerning the facts, or on the basis of conjecture or surmise. *Bryant v. Maffucci, supra* (citing *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986)). In order to avoid summary judgment, the non-moving party is under the obligation "to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Burke v. Bevona,* 931 F.2d 998, 1001 (2d Cir.1991). "Entry of summary judgment indicates that no reasonable jury could return a verdict for the losing party." *Coach Leatherware, Inc. v. Ann Taylor, Inc., supra,* 933 F.2d at 167.

## II. Title VII.

42 U.S.C. § 2000e–2(a) provides, in relevant part:

It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin....

The statutory scheme of Title VII requires that individuals claiming discrimination first assert those claims at the agency level. *Miller v. International Telephone & Telegraph Corp.,* 755 F.2d 20 (2d Cir.), *cert. denied,* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122, *reh'g denied,* 474 U.S. 1015, 106 S.Ct. 552, 88 L.Ed.2d 479 (1985). Specifically, 42 U.S.C. § 2000e–5 requires that a party must file a

timely charge with the federal Equal Employment Opportunity Commission ("EEOC") or a qualified state deferral agency, such as the New York State Division of Human Rights ("NYSDHR"), and obtain a right to sue letter as a condition precedent to filing a Title VII action. *Moche v. City University of New York,* 781 F.Supp. 160, 166 (E.D.N.Y.1992), *aff'd,* 999 F.2d 538 (2d Cir.1993). Under § 2000e–5(e):

A charge under this section shall be filed within one hundred eighty days after the alleged unlawful employment practice occurred ..., except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice ..., such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred....

42 U.S.C. § 2000e–5(e)(1) (as amended by the Civil Rights Act of 1991, Pub.L. 102–166). In a state such as New York with a state anti-discrimination agency, the complainant has 300 days from the date of the alleged unlawful practice to file a complaint with either the EEOC or NYSDHR. *See* 42 U.S.C. § 2000e–5(e); *see also Torres v. City University of New York,* 56 Fair Emp.Prac. Cas. (BNA) 1171, 1991 WL 143359, at *4 (S.D.N.Y.1991).

■■■ In this case, plaintiff never filed a charge with the EEOC or the NYSDHR. However, as noted by Judge Arcara in his February 24, 1994 decision, a plaintiff's failure to file a charge with the EEOC or NYSDHR is not a *jurisdictional* bar to a federal court lawsuit for employment discrimination under Title VII. Rather, the agency filing requirement is a statutory prerequisite analogous to a statute of limitations and subject to equitable modification by a district court when appropriate. *Zipes v. Trans World Airlines,* 455 U.S. 385, 392–98, 102 S.Ct. 1127, 1131–35, 71 L.Ed.2d 234 (1982); *Hladki v. Jeffery's Consolidated, Ltd.,* 652 F.Supp. 388, 392 (E.D.N.Y.1987). Thus, the court may allow a plaintiff to pro-

ceed with a Title VII suit, even if he or she failed to file a charge at the agency level, if the record demonstrates sufficient equitable reasons for doing so. *Hladki, supra; Miller v. I.T. & T., supra,* 755 F.2d at 23–24.

In this case, the record does not support equitable modification of the filing requirement. Plaintiff asserts that the requirement should be excused because he is a *pro se* litigant and because he believed he exhausted his remedies by pursuing his grievance through union channels.

■ However, the pendency of arbitration or grievance procedures pursuant to a collective bargaining agreement, or some other method of collateral review of an employment decision, does not toll the running of the period for filing a discrimination charge with the administrative agency, or waive the filing requirements. *Delaware State College v. Ricks,* 449 U.S. 250, 261, 101 S.Ct. 498, 505–06, 66 L.Ed.2d 431 (1980) (citing *Electrical Workers v. Robbins & Myers, Inc.,* 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976)). This is because contractual rights under a collective bargaining agreement are legally independent from statutory rights under Title VII. *Electrical Workers, supra,* 429 U.S. at 236, 97 S.Ct. at 447. "In instituting an action under Title VII, the employee is not seeking review of the arbitrator's decision. Rather, he is asserting a statutory right independent of the arbitration process." *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 54, 94 S.Ct. 1011, 1022, 39 L.Ed.2d 147 (1974).

■ Moreover, while plaintiff's unfamiliarity with statutory requirements and legal and administrative procedures entitles him to greater latitude in the construction of his employment discrimination claims, *see, e.g., McPartland v. American Broadcasting Companies, Inc.,* 623 F.Supp. 1334, 1338 (S.D.N.Y.1985), such considerations alone do not justify the application of equitable principles to forgive "strict adherence to the procedural requirements specified" by Congress in Title VII. *Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980); *see also Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) ("Proce-

dural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."); *Connell v. J.P. Morgan Investment Management, Inc.,* No. 93 Civ. 5940, 1994 WL 132148, at *5 (S.D.N.Y.1994). "Otherwise, a plaintiff would be able at his or her choosing to circumvent the Congressionally-created administrative scheme designed to facilitate compliance with or to settling disputes falling under Title VII." *Moche v. City University of New York, supra,* 781 F.Supp. at 167.

■ In addition, the pendency of plaintiff's motion for appointment of counsel does not justify equitable modification under the circumstances. *See Baldwin County Welcome Center v. Brown, supra,* 466 U.S. at 151, 104 S.Ct. at 1725–26. The Second Circuit has held that the court should exercise its discretion to appoint counsel in civil cases only where the plaintiff has made "a threshold showing of some likelihood of merit." *Cooper v. Sargenti Co.,* 877 F.2d 170, 174 (2d Cir.1989). Plaintiff has not made that showing here. There is no evidence whatsoever to support plaintiff's claim that NYSEG's "legitimate, nondiscriminatory reason" for terminating his employment—*i.e.,* his incarceration for a minimum of 8½ years—was not its true reason, but was a pretext for discrimination. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981) (quoting *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973)).

Accordingly, plaintiff has failed to demonstrate any equitable reasons why his Title VII claims against NYSEG and IBEW should be allowed to proceed despite his failure to exhaust the administrative remedies provided by that statute. *Cf. Tadros v. Coleman,* 717 F.Supp. 996, 1009 (S.D.N.Y. 1989), *aff'd.,* 898 F.2d 10 (2d Cir.1990). Summary judgment is therefore appropriate dismissing plaintiff's Title VII claims as a matter of law.

### III. 42 U.S.C. § 1981.

■ Defendants assert that plaintiff's claims under 42 U.S.C. § 1981 are barred by

the statute of limitations. Actions under § 1981 are governed by the state statute applicable to personal injury claims, which is three years in New York under CPLR § 214(5). *Day v. Morgenthau,* 909 F.2d 75, 78 (2d Cir.1990); *Tadros v. Coleman, supra,* 898 F.2d at 12. Claims accrue, and the three-year period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Barrett v. United States,* 689 F.2d 324, 333 (2d Cir.1982), *cert. denied by Cattell v. Barrett,* 462 U.S. 1131, 103 S.Ct. 3111, 77 L.Ed.2d 1366 (1983). In the context of a claim for wrongful termination of employment actionable under § 1981, the limitations period begins to run when the employee receives notice that the adverse decision has been made, not the point at which the decision ultimately becomes effective. *Chardon v. Fernandez,* 454 U.S. 6, 8, 102 S.Ct. 28, 29, 70 L.Ed.2d 6 (1981).

█ Under these standards, plaintiff's claim against NYSEG accrued in June, 1988, when he was notified that he was being terminated from employment because of his arrest and incarceration pending bail. Plaintiff's filing of a grievance against NYSEG on July 11, 1988 is conclusive proof that he had reason to know of the adverse consequences of NYSEG's decision. Accordingly, plaintiff's § 1981 complaint against NYSEG is untimely, and should be dismissed.

As set forth above, IBEW notified NYSEG on November 6, 1988 that it was withdrawing plaintiff's grievance (Item 14, Bystrak Aff., Ex. C). There is thus a factual issue as to whether the accrual date for plaintiff's § 1981 claim against IBEW was within the limitations period.

█ However, in order to succeed on his claim that the union's failure to take his claim to arbitration was the result of racial discrimination, plaintiff must show at a minimum that the union treated grievances of similarly situated white employees differently. *Donaldson v. Taylor Products Div. of Tecumseh,* 620 F.2d 155, 159 (7th Cir.1980). Plaintiff cannot make this showing.

In his amended complaint, plaintiff alleges that NYSEG treated him differently than a white employee named Richard Tripp. However, the union has submitted unrefuted evidence that Mr. Tripp, who was retained by NYSEG during the pendency of his trial for homicide, never filed a grievance with the union (Item 14, Bystrak Aff., ¶ 13). Accordingly, since plaintiff has not pleaded nor has he submitted any evidence to support a claim against the union for employment discrimination under § 1981, summary judgment should be entered in favor of the union.

## IV. Breach of Duty of Fair Representation.

█ A claim against a labor union for breach of its duty of fair representation is subject to the six-month statute of limitations found in § 10(b) of the Labor Management Relations Act, 29 U.S.C. § 160(b). *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 172, 103 S.Ct. 2281, 2294–95, 76 L.Ed.2d 476 (1983); *Phelan v. Local 305,* 973 F.2d 1050, 1059–60 (2d Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1415, 122 L.Ed.2d 785 (1993). Plaintiff's claim accrued on or about November 6, 1988, when he knew or should have known that the union was withdrawing his grievance. Since his original complaint was not filed until October, 1991, his breach of duty claim against the union was untimely.

█ Finally, there is no basis for equitable tolling of this claim because plaintiff did not file his unfair labor charge until September, 1989, after the six-month limitations period had expired.

Accordingly, plaintiff's breach of duty of fair representation claim against the union should be dismissed.

### CONCLUSION

For the reasons set forth herein, defendants' motions for summary judgment (Items 11 & 14) should be granted, and the case should be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED,** that this Report and Recommendation be filed with the Clerk of the Court.

**174**

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 30(a)(3).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.* Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd., et al.,* 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 30(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 30(a)(3), or with the similar provisions of Rule 30(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.*

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the plaintiff and the defendant.

**SO ORDERED.**

**DATED: Buffalo, New York**
**September 26, 1994**