Victoria TALYANSKY, Plaintiff,

v.

XEROX CORP., J.M. Ishler, Division Manager, Defendants.

No. 97–CV–6387L.

United States District Court, W.D. New York.

Sept. 30, 1998.

Victoria Talyansky, Worcester, MA, pro se.

Margaret A. Clemens, Nixon, Hargrave, Devans & Doyle LLP, Rochester, NY, for Defendants.

## DECISION AND ORDER

LARIMER, Chief Judge.

### BACKGROUND

Plaintiff, Victoria Talyansky ("Talyansky"), filed the instant complaint against defendants Xerox Corporation ("Xerox") and J.M. Ishler ("Ishler"), alleging claims under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000 et al. ("Title VII"). Talyansky alleges that defendants subjected her to a hostile work environment and retaliated against her when she complained of the treatment by terminating her employment and by giving unsatisfactory references to prospective employers.

Pending before me is defendants' motion to dismiss Talyansky's complaint. For the reasons discussed, infra, defendants' motion is granted and Talyansky's complaint is dismissed in its entirety.

### FACTS

From 1990 through her termination in October 1994, Talyansky was employed as a contract employee at Xerox through Burns Personnel, Inc., a company that supplies contract workers to Xerox and other businesses. In the middle of 1993, according to Talyansky, when defendant Ishler was appointed as the new division manager, her work environment began "getting more and more hostile."

See Plaintiff's Complaint ¶ 19. Talyansky alleges that she was terminated from her position as a result of her complaints to Ishler regarding the hostile environment.

Talyansky filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 17, 1997. The EEOC charge mirrors her complaint before this court, i.e. hostile work environment caused by sexual harassment, retaliatory discharge, and continued retaliation in the form of negative employment references. The EEOC dismissed the harassment and discharge elements of the charge because the charge was not filed within 300 days of the alleged discriminatory conduct as required by statute. The EEOC dismissed the retaliation charge because the charge was vague and because it did not include any allegation that Xerox had given her a bad reference within 300 days prior to the charge or that she had even applied for a position within that time.

### DISCUSSION

#### I.  Standards on Motion to Dismiss

■ Talyansky brings this action *pro se.* Generally, *pro se* complaints are held " 'to less stringent standards than formal pleadings drafted by lawyers.' " *Ortiz v. Cornetta,* 867 F.2d 146, 148 (2d Cir.1989), quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In addition, when considering a defendant's motion to dismiss, a court must accept the plaintiff's allegations as true and resolve competing inferences in her favor. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).

The burden on the defendant in a motion to dismiss is substantial. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When confronted with a motion to dismiss for failure to state a claim, the court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support

thereof." *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

"When determining the sufficiency of [a plaintiff's] claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiff['s] . . . complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff['s] possession or of which [plaintiff] had knowledge and relied on in bringing suit." *Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993).

Recognizing the strong burden imposed upon defendants in a motion to dismiss, I nevertheless find that defendants in this case have met that burden.

#### II.  Hostile Work Environment and Retaliatory Discharge Claims

Talyansky's complaint contains very vague claims that she was subjected to a hostile work environment sometime in the middle of 1993. She also alleges that as a result of her complaints to Ishler, the division manager, she was discharged in October 1994. Talyansky did not file any administrative charge relating to these claims until July 17, 1997, almost three years after the events in question.

Under Title VII, a claimant must file a charge of discrimination with the EEOC within 300 days after the alleged discriminatory event. 42 U.S.C. § 2000e–5(e). When a plaintiff has not done so, the claim is time-barred. *Butts v. City of New York Dept. of Housing Preservation and Development,* 990 F.2d 1397, 1401 (2d Cir.1993) (Title VII); *Demers v. Niagara Mohawk Power Corp.,* No. 94–CV–1277, 1996 WL 293162 *2–*3 (N.D.N.Y. May 24, 1996) (ADA).

■ In the present case, Talyansky did not file her administrative charge until almost three years after the allegedly discrimi-

natory conduct, clearly outside of the 300 day filing requirement. Of course, the timely filing of an EEOC charge is not a jurisdictional prerequisite to filing a federal lawsuit but is more akin to a statute of limitations and subject to waiver, estoppel and tolling under appropriate circumstances. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).

In the absence of factors that would warrant tolling or otherwise extending the filing period, however, courts have not been hesitant to dismiss claims that have not been timely filed with the EEOC. *See Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712–13 (2d Cir.1996); *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir.1994); *Sharkey v. Lasmo (Aul Ltd.)*, 992 F.Supp. 321, 333–34 (S.D.N.Y.1998) (ADEA case); *Farrell v. State of New York*, 946 F.Supp. 185, 193 (N.D.N.Y.1996); *Frank v. New York State Elec. & Gas*, 871 F.Supp. 167, 171 (W.D.N.Y. 1994). In the present case, Talyansky has provided no grounds for waiver, estoppel or tolling of the filing requirement. Thus, Talyansky's hostile work environment and retaliatory discharge claims must be dismissed.

### III. Continuing Retaliation Claim

Talyansky also alleges that Xerox has continued to retaliate against her by providing negative references to prospective employers. Talyansky made the same very vague claim in her EEOC charge. The EEOC dismissed the charge, finding that Talyansky provided no evidence that Xerox had given her a bad reference in the 300 days prior to her filing of the charge or that she had even applied for a job within that time.

I find that Talyansky's EEOC charge was woefully inadequate to satisfy the statutory requirement that she file a timely charge with the EEOC prior to bringing suit in federal court. As the *Butts* court noted, the "exhaustion requirement is an essential element of Title VII's statutory scheme." *Butts*, 990 F.2d at 1401. Its purpose is to "encourage settlement of discrimination disputes through conciliation and voluntary compliance." *Id.; see also Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198 (2d Cir.1985). "Were we to permit such vague, general allegations, quite incapable of inviting a meaningful EEOC response, to define the scope of the EEOC investigation and thereby predicate subsequent claims in the federal lawsuit, such allegations would become routine boilerplate and Title VII's investigatory and mediation goals would be defeated." *Butts*, 990 F.2d at 1403.

Talyansky's EEOC charge that defendants were providing potential employers with negative references in retaliation for her previous complaints of sex discrimination was simply too vague and generalized to allow the EEOC to conduct an investigation and provide a meaningful response. Thus, Talyansky's claim that Xerox has continued to retaliate against her by providing negative references to prospective employers must also be dismissed for her failure to timely file an adequate administrative charge with the EEOC.

### CONCLUSION

Defendants' motion to dismiss (docket # 3) is hereby granted and the complaint is dismissed with prejudice.

IT IS SO ORDERED.