**Victoria TALYANSKY, Plaintiff,**

v.

**MERCURY PRINT PRODUCTIONS, INC., Defendant.**

**No. 97–CV–6517L.**

United States District Court, W.D. New York.

Oct. 19, 1998.

Victoria Talyansky, Worcester, MA, plaintiff pro se.

J. Michael Wood, Chamberlain, D'Amanda, Oppenheimer & Greenfield, Rochester, NY, for Mercury Print Production, Inc., defendant.

## DECISION AND ORDER

LARIMER, Chief Judge.

### BACKGROUND

Plaintiff, Victoria Talyansky ("Talyansky"), filed the instant complaint against defendant Mercury Print Productions, Inc. ("Mercury"), alleging that Mercury terminated her employment on the basis of her sex in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et al. ("Title VII").[1]

Pending before me is defendant's motion to dismiss Talyansky's complaint. For the reasons discussed, infra, defendant's motion is granted and the complaint is dismissed.

### FACTS

Talyansky was employed through a temporary agency for Mercury from mid-October 1994 to December 4, 1994. On or about December 6, 1994, Talyansky received a telephone call from her temporary agency informing her that Mercury had no additional work for her. Talyansky claims that sometime in the beginning of 1997, she "accidently" discovered that, a day after her termination, Mercury had hired a male to perform the same job she had been performing prior to her termination.[2]

Talyansky filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 9, 1997, almost three years after she left Mercury. The EEOC charge mirrors her complaint before this court. The EEOC dismissed the charge because it was not filed within 300 days of the alleged discriminatory conduct, as required by Title VII.

---

**1.** This is the third complaint plaintiff has filed, *pro se*, against three different corporations alleging similar violations of Title VII. On September 30, 1998, this Court granted defendant's motion to dismiss in *Talyansky v. Xerox Corporation*, 97–CV–6397L.

Defendant's summary judgment motion is pending in *Talyansky v. Millennium Computer Corp., et al.*, 98–CV–6061L.

**2.** From the parties' papers, it appears that the new hire was a permanent employee, not an employee from a temporary agency.

## DISCUSSION

Talyansky's complaint contains a very vague claim that she was terminated from her employment because of her sex. Plaintiff did not set forth any facts or circumstances surrounding the claim. Talyansky did not file any administrative charge relating to this claim until October 9, 1997. The administrative charge is equally vague.

Under Title VII, a claimant must file a charge of discrimination with the EEOC within 300 days after the alleged discriminatory event. 42 U.S.C. §§ 2000e–5(e). When a plaintiff has not done so, the claim is time-barred. *Butts v. City of New York Dept. of Housing Preservation and Development*, 990 F.2d 1397, 1401 (2d Cir.1993) (Title VII); *Demers v. Niagara Mohawk Power Corp.*, No. 94–CV–1277, 1996 WL 293162 *2–*3 (N.D.N.Y. May 24, 1996) (ADA). This statutory requirement is rigorously enforced and bars untimely claims of discrimination.

In the absence of factors that would warrant tolling or otherwise extending the filing period, courts have not been hesitant to dismiss claims that have not been timely filed with the EEOC. *See Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712–13 (2d Cir.1996); *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 11–12 (2d Cir.1994); *Sharkey v. Lasmo (Aul Ltd.)*, 992 F.Supp. 321, 333–34 (S.D.N.Y.1998) (ADEA case); *Farrell v. State of New York*, 946 F.Supp. 185, 193 (N.D.N.Y.1996); *Frank v. New York State Elec. & Gas*, 871 F.Supp. 167, 171 (W.D.N.Y. 1994).

■ Of course, the timely filing of an EEOC charge is not a jurisdictional prerequisite to filing a federal lawsuit but is more akin to a statute of limitations and subject to waiver, estoppel and tolling under appropriate circumstances. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). In the present case, Talyansky did not file her administrative charge until almost three years after the allegedly discriminatory conduct, clearly outside of the 300 day filing requirement.

In the present case, Talyansky argues that her time for filing an administrative charge should be equitably tolled because, even though she was terminated in December 1994, at some later time she "accidentally" discovered that, the day after she was terminated, Mercury had hired a male to perform the job that she had been performing. Plaintiff fails to allege that she took any steps to determine the circumstances surrounding her termination from Mercury. Talyansky's complaint makes no mention of when she discovered that Mercury had hired a male to replace her or under what circumstances she discovered that information. Plaintiff was, after all, a temporary employee and not an employee of Mercury. Talyansky's responding papers to Mercury's motion do indicate that it was "in the beginning of 1997" when she discovered that Mercury had hired a male to do her job immediately after terminating her employment. But the fact that Mercury hired a permanent employee who happened to be male does not suggest discrimination.

■ Although equitable tolling may be used in appropriate situations to permit a plaintiff to proceed with an action even though the action had been filed beyond the statute of limitations, such tolling is applied only sparingly. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Dillard v. Runyon*, 928 F.Supp. 1316, 1325 (S.D.N.Y.1996).

■ "The essence of the [equitable tolling] doctrine 'is that a statute of limitations does not run against a plaintiff who is unaware of his cause of action.'" *Cerbone v. International Ladies' Garment Workers' Union*, 768 F.2d 45, 48 (2d Cir.1985), *quoting Long v. Abbott Mortgage Corp.*, 459 F.Supp. 108, 113, (D.Conn.1978). Equitable tolling may be applied "when an employer's misleading conduct is responsible for the employee's unawareness of [her] cause of action." *Dillman v. Combustion Engineering, Inc.*, 784 F.2d 57, 60 (2d Cir.1986).

■ In the present case, Talyansky claims, in her responding papers, that Mercury deliberately lied to her about the reason for her termination in order to prevent her from asserting her rights. But, the fact is that there is no allegation in the complaint that Mercury itself informed Talyansky that

the reason for her termination was a lack of work. Indeed, the complaint cannot even be read to indicate that Mercury informed the temporary agency that the reason for Talyansky's termination was a lack of work. There is no allegation concerning Mercury's stated reasons for no longer needing temporary help. The complaint merely states that Talyansky's temporary agency informed her that Mercury "had no more work" for her. That hardly suggests any improper action by Mercury.

The complaint is also deficient in the sense that Talyansky gives no indication of when she found out that she was replaced by a male. The timing is particularly important in the present case because Talyansky was terminated in 1994 but did not file her EEOC charge until 1997, nearly three years after her termination.

The present case, because Talyansky filed her EEOC charge well over the 300 day limitation period and she has failed to adequately plead any basis for equitable tolling, I must dismiss Talyansky's complaint.

### CONCLUSION

Defendant's motion to dismiss (docket entry # 3) is hereby granted and the complaint is dismissed.

IT IS SO ORDERED.