**Elaine NURSE, Plaintiff,**

v.

**CITY OF NEW YORK and New York City Computer Service Center, Defendants.**

**No. 85 Civ. 6432 (RWS).**

United States District Court,
S.D. New York.

June 4, 1990.

MEMORANDUM OPINION

SWEET, District Judge.

In an opinion dated March 2, 1990, 735 F.Supp. 69, the Court dismissed plaintiff Elaine Nurse's §§ 1981, 1983 and ADEA claims. In addition, because Nurse had been unable to produce a right-to-sue letter issued by the Equal Employment Opportunity Commission ("EEOC"), the Court ruled that the Title VII claim would be dismissed as well unless Nurse could produce the letter within twenty days of the decision. Upon the consent of defendants, the City of New York, Nurse requested and received an extension of time until May 21, 1990 to produce the right-to-sue letter. By letter dated May 22, 1990, Nurse informed the Court that no right-to-sue letter could be found and that it was now her position that the EEOC had never issued such a letter.

Although a right-to-sue letter is not a jurisdictional requirement, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Hladki v. Jeffrey's Consolidated, Ltd.*, 652 F.Supp. 388, 392 (E.D.N.Y.1987), it is a statutory prerequisite for a Title VII action. Despite the lack of an agency record that can confirm or deny the issuance of a right-to-sue letter, there is no proof that Nurse made any attempt to procure such letter as she was obliged to do to bring her Title VII suit. It was incumbent upon Nurse to raise the failure of the EEOC to issue a letter, if indeed there was such a failure, prior to the commencement of her suit in federal court and therefore there

exists no reason to toll or waive the statutory requirement.

Nurse's claims are dismissed in accordance with the March 2, 1990 opinion.

It is so ordered.