MEMORANDUM and ORDER
 

 BATTS, District Judge.
 

 Keum Choi brings this action under Title VII of the Civil Rights Act of 1954, as amended, 42 U.S.C. §§ 2000e to 2000e-17, against his employer Chemical Bank (“Chemical” or “the Bank”). Chemical has moved to dismiss this action pursuant to 28 U.S.C. § 1915(d), and Rules 4(m), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure. In the alternative, Chemical moves to dismiss particular claims on the grounds that they are time-barred under § 2000e-5(e) of Title VII.
 

 I. BACKGROUND
 

 A. Plaintiffs Discrimination Complaint
 

 Chemical hired Keum Choi (“Plaintiff’) on February 7, 1971,
 
 [1]
 
 as a Tax Specialist. (Yeoh Aff.Exs. A, N.) On December 10, 1990, Plaintiff filed a charge with the New York State Division of Human Rights (“NYSDHR”) alleging that Chemical discriminated against him on the basis of his race (Asian) and national origin (Korean). (Yoeh Aff.Ex. A.) At the same time, Plaintiff filed a Complaint with the Equal Employment Opportunity Commission (“EEOC”).
 
 (Id.;
 
 Charge No. 16G-91-0686.) In his NYSDHR
 
 *307
 
 complaint, Plaintiff alleged that on October 29, 1990, he asked the vice president of his department for a promotion and salary increase but was denied because of his race and national origin.
 
 (Id.)
 
 The vice president’s stated reason for not granting the promotion was Plaintiffs language barrier.
 
 (Id.)
 

 On September 24, 1991, Carlos Miranda, a NYSDHR investigator, conducted a fact-finding conference. (Yoeh Aff. ¶ 4.) At the Conference, Plaintiff was represented by his counsel, Alice Eichen-Winslow.
 
 (Id.)
 
 Several Chemical employees also attended.
 
 (Id.)
 
 After an investigation, NYSDHR issued a Determination and Order dismissing Plaintiffs claim, finding no probable cause to believe that Chemical had engaged in the unlawful discriminatory practice Plaintiff alleged. (Yoeh Aff.Ex. B.) The investigation revealed that Chemical had promoted a person of Asian and Korean descent to the position for which Plaintiff had applied.
 
 (Id.)
 
 The investigation also revealed that Plaintiff had earlier been advised that his communication skills needed improvement.
 
 (Id.)
 
 The EEOC concurred with the NYSDHR decision and issued a right-to-sue letter on March 25, 1993. (Yoeh Aff.Ex. C.)
 

 B. Application for Court Appointed Counsel
 

 On June 22,1993, Plaintiff commenced this action by filing a Summons and Complaint. (Yoeh Aff.Ex. N.) At that time, Plaintiff paid the $120.00 filing fee and filed an
 
 In Forma Pauperis
 
 application seeking court appointed counsel. The Honorable Lawrence M. McKenna, U.S.D.J., denied the application without prejudice by memorandum endorsement filed June 30, 1994. (Yoeh Aff. Ex. D.) Plaintiff then proceeded
 
 pro se
 
 until roughly October 12, 1995, when he retained counsel. (Pl.’s Mem. Law at 3;
 
 [2]
 
 Yoeh Reply Aff. ¶ 3.)
 

 In his application for appointment of counsel, Plaintiff stated that he had not received money from business or self-employment, pension or annuities, or any other enumerated source within the past year. Plaintiff did not respond to a question asking for the name of the applicant’s last employer and the amount of salary. Plaintiff listed a car worth $1,200.00 as his only valuable asset, and listed two bank accounts with a total balance of $1,450.00. (Yoeh Aff.Ex. D.)
 

 In fact, on June 21, 1993, the date of his application, Plaintiff was employed by Chemical Bank, earning $30,050.00 annually. (McQuade Aff. ¶ 3.) At that time, Plaintiff had a balance of $46,070.00 in a ChemPlus Checking Account; $20,253.00 in a Chemical Money Market IRA Account; and approximately $27,000.00 in a Chemical Savings Incentive Plan (401K). (Yoeh Aff.Exs. F-H.) Department of Motor Vehicle records show that Plaintiff had four vehicles registered in his name at the time of his application,
 
 (Id.
 
 Ex. I), and a Westlaw “Info America” database search revealed that Plaintiff and his wife own a piece of property in Monroe County, Pennsylvania.
 
 (Id.
 
 Ex. K.) In addition, Plaintiff represented on a Chemical Quick Home Secured Application dated May 11,1993, that he owned a house at 32 Revere Avenue, Emerson, New Jersey, and earned “80G” from his laundromat business
 
 (Id.
 
 Ex. L.)
 

 C. The Complaint Before This Court
 

 On four separate occasions, Plaintiff requested that the Court extend the time for him to serve the Summons and Complaint upon the Bank, on the grounds that he was suffering from a serious illness. (Yoeh Aff. Exs. O-R.) The court’s final extension required service on Chemical by June 16,1995.
 
 (Id.
 
 Ex. O; Pl.’s Mem. Law at 3.) Plaintiff served the Bank on June 16, 1995, with the Summons and a new Complaint under the same caption. This new Complaint included additional charges of discrimination not included in the original Complaint filed with the Clerk of • the Court.
 
 (Id.)
 
 Plaintiff claims that he filed this second, new Complaint with the Court on June 16,1995. (Pi’s Mem. Law at 3, 8.) There is no record of anything being filed with the Court on that date; however, Plaintiff filed an affidavit of
 
 *308
 
 service with the Court on June 21,1995, with the Summons and new Complaint attached.
 

 In addition to the original allegations, the new Complaint alleges that, “[throughout the course of Plaintiffs employment with Defendant, Plaintiff has been offered little or no opportunities for advancement with respect to his title, responsibility and/or salary, despite an exemplary performance and attendance record throughout the course of his employment and the availability of several openings in Defendant’s company and Plaintiffs eligibility for same.” (Yoeh Aff.Ex. U ¶5.) The new Complaint also alleges that “Plaintiff believes that Defendant is still committing these discriminatory acts against him and will continue to do same unless action is taken by the court herein.”
 
 (Id.
 
 ¶ 11.) Plaintiff also requests punitive and compensatory damages, and a jury trial.
 
 (Id.
 
 at 3.)
 

 II. DISCUSSION
 

 Chemical seeks dismissal of Plaintiffs action in its entirety pursuant to: (1) 28 U.S.C. § 1915(d), on the ground that Plaintiff made material misrepresentations to the Court concerning his finances on his
 
 In Forma Pauperis
 
 application for the appointment of counsel; (2) Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure, on the ground that Plaintiff failed to comply with the Court’s order to serve the Bank with the Complaint by June 16, 1995; and (3) Rule 4(m) of the Federal Rules of Civil Procedure, on the ground that Plaintiff failed to show good cause why he did not serve the Complaint within the 120-day window required by Rule 4(m). In the alternative, Chemical seeks dismissal of paragraphs five and eleven of the Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) on the grounds that the claims therein are time barred under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(e) (“Title VII”) and because Plaintiff has not exhausted his administrative remedies. In addition, Chemical moves to dismiss Plaintiffs request for compensatory and punitive damages, and his request for a jury trial, on the ground that Plaintiffs claims allege conduct that occurred prior to November 21,1991, the effective date of the Civil Rights Act of 1991.
 

 A. Plaintiffs Misrepresentations of Poverty
 

 Title 28, Section 1915(d) of the United States Code provides, in relevant part, that “[t]he court may request an attorney to represent [a] person [who is unable to pay the cost of filing an action and who is] unable to employ counsel and may dismiss the case if the allegation of poverty is untrue.” 28 U.S.C. § 1915(d).
 
 [3]
 
 Dismissal of a case with prejudice, in the context of Section 1915, is a harsh sanction that should be resorted to only in extreme cases.
 
 Christensen v. Bristol-Myers Co.,
 
 No. 86 Civ. 0183, 1990 WL 6554, at *2 (S.D.N.Y. Jan. 22,1990);
 
 Acevedo v. Reid,
 
 653 F.Supp. 347, 348 (S.D.N.Y.1986). The court has discretionary authority to dismiss a complaint, if, after granting leave to proceed
 
 In Forma Pauper-is,
 
 it later determines that the affidavit of poverty is false.
 
 Allen v. Avon Prods., Inc.,
 
 No. 81 Civ. 6895, 1988 WL 18841, at *4 (S.D.N.Y. Feb. 22, 1988);
 
 Christensen,
 
 1990 WL 6554 at *1. A complaint should not be dismissed unless the court first finds that Plaintiff acted in bad faith and intentionally misrepresented his financial status.
 
 Christensen,
 
 1990 WL 6554 at
 
 *2
 
 (citing
 
 Harris v. Cuyler,
 
 664 F.2d 388 (3d Cir.1981)). Even after so finding, however, dismissal is within the discretion of the court based on all of the circumstances.
 
 Id.
 

 In this case, the alleged misrepresentations include Plaintiffs failure to disclose income from a laundromat business, his salary at Chemical, real estate, three automobiles, and approximately $93,000.00 in three different Chemical accounts. (Yoeh Aff.Exs. EK.) The financial aptitude and experience of Plaintiff suggests that the misrepresentations on his application were intentional.
 
 [4]
 

 Christensen,
 
 1990 WL 6554 at *2.
 

 
 *309
 
 Nevertheless, the court in
 
 Christensen
 
 found that outright dismissal would be too harsh a remedy despite a finding that the plaintiff intentionally misrepresented her assets.
 
 Id.
 
 at *2-*8. The
 
 Christensen
 
 court did, however, revoke the plaintiff’s
 
 In Forma Pawperis
 
 status.
 
 Id.
 
 In this ease, Plaintiff paid his $120.00 filing fee and thus was not proceeding
 
 In Forma Pauperis. See
 
 28 U.S.C. § 1915(a). Further, Plaintiffs application for court-appointed counsel was denied by Judge McKenna and the Plaintiff proceeded with this action
 
 pro se.
 
 Hence, neither the Court nor Chemical has been prejudiced by Plaintiffs application. Despite Plaintiffs substantial and reprehensible misrepresentations on his application, the Court, pursuant to its discretion under section 1915(d), declines to dismiss the action on that ground.
 

 B. Allegations of Failure to Serve in a Timely Manner and Improper Service
 

 Chemical also seeks dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, arguing that Plaintiff did not serve the Summons and Complaint within the 120-day period provided therein and failed to show good cause for the delay. Rule 4(m) sets the time for service of the Summons and Complaint at 120 days from the time of filing and provides that failure to comply will result in dismissal absent a showing of good cause for non-compliance.
 
 [5]
 
 The 120-day period may be extended pursuant to Fed.R.Civ.P. 6(b),
 
 [6]
 
 which is the general provision of the Federal Rules allowing a Court, in its discretion, to extend a deadline.
 
 Acot v. New York Med. College,
 
 153 F.R.D. 517 (S.D.N.Y.1993); 4A Charles A Wright & Arthur R. Miller,
 
 Federal Practice and Procedure
 
 § 1137, at 392 (2d ed. 1987).
 

 A district court has wide discretion to grant an enlargement of time,
 
 Yonofsky v. Wernick,
 
 362 F.Supp. 1005, 1014 (S.D.N.Y. 1973), with or without motion, if the request is made within the expiration period or as extended by previous order. 4A Wright & Miller,
 
 supra,
 
 § 1165. In this case, Plaintiff explicitly asked for an extension of time in which to serve the Summons and Complaint, and the Court granted each extension by memorandum endorsement. Supporting documentation from Plaintiffs attending physicians accompanied each request. Sufficient justification was provided, and the Court did not abuse its discretion in granting these extensions. Upon the final request dated April 21, 1995, the Court required service by June 16, 1995, or dismissal of the action. Plaintiff complied with the April Order. Rule 6(b)(1) does not require that a request be made by motion, and the regular practice in this district is to rule on such requests by memorandum endorsement.
 
 See
 
 Fed. R.Civ.P. 6(b)(1) (with or without motion or notice).
 

 Chemical also contends that service was improper because Plaintiff served a new
 
 *310
 
 Complaint, as opposed to the original Complaint that had been filed with the Clerk on June 22, 1993. Plaintiff submitted a copy of the new Complaint attached to his Affidavit of Service, which was filed with the Court on June 21, 1995. The Affidavit of Service reflects that Plaintiff effected service on Chemical on the deadline, June 16, 1995. The second Complaint reasserts the allegations in the original Complaint, and adds an allegation of ongoing discrimination.
 

 Plaintiff was a
 
 pro se
 
 litigant at the time of service. While the right to proceed
 
 pro se
 
 does not exempt a party from compliance with relevant rules of procedural and substantive law, that right should not be impaired by harsh application of technical rules.
 
 Traguth v. Zuck,
 
 710 F.2d 90 (2d Cir.1983). A
 
 pro se
 
 plaintiff, particularly one bringing a civil rights action, should be afforded ’ an opportunity “fairly freely” to amend his Complaint.
 
 Holmes v. Goldin,
 
 615 F.2d 83, 84 (2d Cir.1980). A plaintiff is free to amend the complaint once as a matter of course, any time before a responsive pleading is served. Fed.R.Civ.P. 15(a). The Court is satisfied that Plaintiff properly amended his original Complaint.
 

 Chemical contends that the new Complaint was never filed with the Court and the original Complaint was never served, rendering service improper. In this case, it is unclear who stapled the second Complaint to the back of the proof of service, but if it had not been stapled, it would have been filed separately.
 
 [7]
 
 Furthermore, where an original Complaint is superseded by an amended Complaint, it is inappropriate to serve the original Complaint.
 
 [8]
 

 See, e.g., Nordic Bank PLC v. Trend Group, Ltd.,
 
 619 F.Supp. 542, 564 (S.D.N.Y.1985). Although the Court is satisfied that Plaintiff properly served his second Complaint, Plaintiff shall file it with the Clerk of the Court, captioned as an “Amended Complaint,” within ten days of the date of this Order.
 

 C. Subject Matter Jurisdiction over Ongoing Discrimination Claims
 

 Title VII has exhaustion and time requirements, discussed below, which divest a court of subject matter jurisdiction if not satisfied. 42 U.S.C. § 2000e-5(e);
 
 Butts v. City of N.Y. Dep’t of Housing Preservation and Dev.,
 
 990 F.2d 1397, 1401 (2d Cir.1993). Plaintiffs second Complaint includes two counts alleging ongoing discrimination from the time of his hiring in 1971, to the filing of the Complaint in 1995. Plaintiff, by asserting ongoing discrimination claims, has added claims for which the 300-day filing period expired prior to the filing of his EEOC charge as well as claims that have not been exhausted because the acts occurred only after the filing of his EEOC charge. The Court will analyze these two categories of claims below to determine whether any of them may be maintained.
 
 [9]
 

 1.
 
 Discriminatory Conduct Occurring Before February 13,1990
 

 A plaintiff in New York has 300 days in which to file a charge with the EEOC. 42 U.S.C. § 2000e-5(e);
 
 Butts,
 
 990 F.2d at 1401. If a plaintiff fails to file a timely charge with the EEOC, then the claim
 
 *311
 
 is time-barred. 42 U.S.C. § 2000e-5(e);
 
 Butts,
 
 990 F.2d at 1401. The 300-day EEOC filing limitations period can be tolled by evidence of a continuing violation, waiver, estoppel, or equitable tolling, thus allowing a district court to consider incidents occurring outside of the 300-day window.
 
 Zipes v. Trans World, Airlines, Inc.,
 
 455 U.S. 385, 393, 102 S.Ct. 1127, 1132-33, 71 L.Ed.2d 234 (1982);
 
 Carrasco v. New York City Off-Track Betting Corp.,
 
 858 F.Supp. 28, 31 (S.D.N.Y.1994),
 
 affd,
 
 50 F.3d 3 (2d Cir.1995). “Under [the] continuing violation doctrine, where the defendant has ‘engaged in a continuous policy of discrimination, acts in furtherance of that policy are not viewed in isolation. In such circumstances, if the charge has been filed no later than 300 days after the last act by the defendant pursuant to its policy, the plaintiff may recover for earlier acts of discrimination as well.’ ”
 
 Dukes v. Steinman, Boynton, Gronquist & Birdsall,
 
 No. 93 Civ. 7044, 1994 WL 406090, at *2 (S.D.N.Y. July 29, 1994) (quoting Asso
 
 ciation Against Discrimination in Emp., Inc. v. City of Bridgeport,
 
 647 F.2d 256, 274 (2d Cir.1981),
 
 cert. denied,
 
 455 U.S. 988, 102 S.Ct. 1611, 71 L.Ed.2d 847 (1982)). In this case, Plaintiffs Amended Complaint alleges ongoing discrimination. (Compl. ¶¶ 5, 11.) If Plaintiffs claims fall into the continuing violation exception, this Court may hear claims about incidents occurring between 1971, when Plaintiff began his employment, and February 13, 1990 (300 days before the EEOC charge was filed).
 

 Plaintiffs continuing violation claim, however, does not fall into this exception. “The continuing violation exception applies to cases involving
 
 specific
 
 discriminatory policies or mechanisms such as discriminatory lists, ... or discriminatory employment tests.”
 
 Carrasco,
 
 858 F.Supp. at 31 (quoting
 
 Lambert v. Genesee Hosp.,
 
 10 F.3d 46, 53 (2d Cir.1993),
 
 cert. denied,
 
 — U.S. -, 114 S.Ct. 1612, 128 L.Ed.2d 339 (1994)) (emphasis in
 
 Carrasco).
 
 When the EEOC charge alleges only discrete incidents of non-promotion, as does Plaintiffs here, the continuing violation exception does not apply.
 
 See Carrasco,
 
 858 F.Supp. at 31-32;
 
 Dukes,
 
 1994 WL 406090, at *3;
 
 see also West v. Philadelphia Elec. Co.,
 
 45 F.3d 744, 755 (3d Cir.1995) (“The relevant distinction is between the occurrence of isolated, intermittent acts of discrimination and a persistent, on-going pattern.”). Accordingly, the continuing violation exception does not apply on these facts to toll the 300-day filing limitation.
 

 Plaintiff has not argued that the 300-day limitations period should be tolled based on waiver, estoppel or equitable tolling, and the Court has seen no evidence to suggest that these doctrines could apply. Accordingly, all claims based on acts of discrimination, memorialized in ¶ 5, occurring before February 13, 1990 are time-barred, and will be dismissed.
 

 2.
 
 Discriminatory Conduct Subsequent to the EEOC Charge
 

 Because “[a] district court only has jurisdiction to hear Title YII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is ‘reasonably related’ to that alleged in the EEOC charge”,
 
 Butts,
 
 990 F.2d at 1401, to allow Plaintiffs claims based on conduct subsequent to the EEOC charge to proceed, the court must find those subsequently occurring claims reasonably related to the conduct alleged to the EEOC charge.
 
 [10]
 

 Plaintiffs EEOC charge alleged that Chemical discriminated against him by not promoting him on October 29, 1990. In the Amended Complaint, Plaintiff alleges that Chemical did not give him sufficient opportunities to advance throughout the course of his employment, including subsequent to the filing of his EEOC charge. (Compl. ¶¶ 5, 11.)
 
 *312
 
 If the Plaintiff can show that the alleged discrimination occurring subsequent to the filing of the EEOC charge is reasonably related to his failure-to-promote claim, then the Court has subject matter jurisdiction over those claims, arising
 
 after
 
 the filing of the charge on December 10, 1990.
 
 Butts,
 
 990 F.2d at 1401.
 

 The Second Circuit has recognized claims as reasonably related in three instances: where the later claim (1) would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, (2) alleges “retaliation by an employer against an employee for filing an EEOC charge”, or (3) alleges “further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge.”
 
 Id.
 
 at 1402-03.
 

 The first type of “reasonably related” claim is “essentially an allowance of loose pleading.”
 
 Id.
 
 at 1402 (quoting
 
 Smith v. American Pres. Lines, Ltd.,
 
 571 F.2d 102, 107 n. 2 (2d Cir.1978)). Because many complainants do not have counsel when they file their EEOC charges, a stringent pleading rule might trap unwary grievants into an overly narrow theory of their cases.
 
 See Silver v. Mohasco Corp.,
 
 602 F.2d 1083, 1090 (2d Cir.1979) (“[w]e look not merely to the four corners of the often inarticulately framed ... charge”),
 
 rev’d on other grounds,
 
 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). Moreover, since the EEOC charge merely serves to alert the EEOC to the discrimination from which Plaintiff is allegedly suffering, so that the agency can investigate and attempt a conciliation,
 
 see
 
 42 U.S.C. § 2000e-5(b), neither the agency nor defendants are prejudiced by this “loose pleading” standard.
 
 See Butts,
 
 990 F.2d at 1402. Thus, if Plaintiffs claims of discrimination, subsequent to the filing of the EEOC charge, would reasonably be expected to fall within the scope of the EEOC investigation, this Court may properly consider them.
 
 Id.
 
 at 1402.
 

 However, EEOC allegations that lack factual specificity may not serve as jurisdictional predicates for claims of subsequent discrimination in a federal complaint.
 
 Id.
 
 at 1403. This is so because “vague, general allegations” stymie the EEOC’s procedures. The EEOC cannot be expected to investigate mere generalizations of misconduct, nor can defendants adequately respond to them.
 
 Id.
 
 (“Were we to permit such vague, general allegations, quite incapable of inviting a meaningful EEOC response, to define the scope of the EEOC investigation and thereby predicate subsequent claims in the federal lawsuit, such allegations would become routine boiler plate and Title VII’s investigatory and mediation goals would be defeated.”).
 

 In the EEOC charge, Plaintiff alleged a single incident of discrimination and described the circumstances surrounding his October 29, 1990 request for a promotion. (Yoeh Aff.Ex. A.) A reasonable EEOC investigation would begin with the October 29, 1990 incident and proceed accordingly. The NYSDHR Determination and Order makes clear that NYSDHR only investigated the October 29, 1990 failure to promote. The NYSDHR Determination states “[t]he investigation did, however, reveal that the person promoted [sic] to the position for which the complainant applied, is Asian and Korean the same race and national origin as the complainant.” (Yoeh Aff.Ex. B ¶ 3.) Given the Plaintiffs specific allegation, a reasonable investigation would not have proceeded any further. The investigation also revealed that the incident in question was “the only promotion for which the complainant applied, within one year of filing his complaint.”
 
 (Id.
 
 ¶ 5.)
 
 [11]
 
 Plaintiff alerted the EEOC to a discrete incident of discrimination and this Court is unwilling to find that subsequent failure to promote incidents would fall within the scope of the investigation surrounding the October 29,1990 incident.
 
 [12]
 

 
 *313
 
 Because Plaintiffs continuing violation allegations are not reasonably related to his EEOC charge, the Court lacks jurisdiction to hear any such claims based on post-charge conduct.
 

 D. Plaintiffs Demand for Compensatory Damages, Punitive Damages, and a Jury Trial
 

 The Civil Rights Act of 1991 does not apply retroactively to discriminatory acts occurring prior to November 21,1991.
 
 Peele v. New York City Dep’t of Social Services/Human Resources Admin.,
 
 No. 92 Civ. 3765, 1995 WL 728478 (S.D.N.Y. Dec. 8, 1995) (citing
 
 Landgraf v. USI Film Prods.,
 
 511 U.S. 244, -, 114 S.Ct. 1483, 1497, 128 L.Ed.2d 229 (1994)). Plaintiff concedes that he has no right to demand compensatory damages, punitive damages, or a jury trial, for incidents occurring prior to November 21, 1991. However, he requests that the Civil Rights Act of 1991 be applied to his claims of ongoing discrimination after this date. As discussed above, this Court does not have jurisdiction over the ongoing discrimination claims, and thus the Civil Rights Act of 1991 cannot be applied to them.
 

 III. CONCLUSION
 

 Defendant’s motion is granted in part and denied in part. Defendant’s motion to dismiss the Complaint in its entirety for filing a false In Forma Pauperis Application and failure to serve the Defendant properly, is DENIED. Plaintiffs claims of ongoing discrimination alleged in paragraphs five and eleven of the Amended Complaint are hereby DISMISSED.
 

 Defendant’s motion to strike Plaintiffs request for compensatory damages, punitive damages, and a jury trial is GRANTED.
 

 Plaintiff is ordered to file a copy of the second Complaint with the Clerk of the Court, captioned “Amended Complaint,” within 10 days of the date of this Memorandum and Order.
 

 The parties are to appear for a pre-trial conference on November 15, 1996, at 10:00 a.m.
 

 SO ORDERED.
 

 [1]
 

 . Ms. Yoeh indicates Plaintiff was hired on Febraary 28, 1971.
 

 [2]
 

 . Plaintiff submitted no Affidavit to address the issues at hand.
 
 See infra
 
 note 4. Hence, although a Memorandum of Law is not used by a court to substantiate any allegation, the Court will refer to it in order to look at Plaintiffs claims in a light most favorable to him.
 

 [3]
 

 . For the reasons discussed below, the recent amendments to § 1915 in the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 165, 184 — 91 (1996), do not apply to this action.
 

 [4]
 

 . Plaintiff submitted an Affidavit in support of his Memorandum In Opposition to Defendants’ Motion To Dismiss, in which he offered explanation for his alleged misrepresentations. Although the parties executed three stipulations extending the
 
 *309
 
 time in which to serve responsive papers in this motion, (Yoeh Reply Aff.Exs. A-D), the Affidavit was served beyond the deadline. Pursuant to Local Rule 3(c), this Affidavit was not considered in deciding this motion. Local Civil Rule 3(c)(3).
 

 [5]
 

 . Rule 4(m) provides in relevant part:
 

 If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period....
 

 At least three courts of appeals have held that a court may grant an extension of the 120-day period on its own initiative, even in the absence of good cause.
 
 Thompson v. Brown,
 
 91 F.3d 20, 21 (5th Cir.1996);
 
 Espinoza v. United States,
 
 52 F.3d 838, 840 (10th Cir.1995);
 
 Petrucelli v. Bohringer and Ratzinger,
 
 46 F.3d 1298, 1304 (3d Cir.1995). One court of appeals appears to have taken a contrary view.
 
 Mendez v. Elliot,
 
 45 F.3d 75, 78 (4th Cir.1995). Because Plaintiff showed good cause here (as discussed below), this split is irrelevant.
 

 [6]
 

 . Rule 6(b) provides that:
 

 When by these rules or by notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally proscribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect____
 

 [7]
 

 . Fed.R.Civ.P. 4(1) which requires that proof of service be filed with the court, does not require that the complaint and summons be attached. Nor is such a requirement contained in the Local Rules.
 

 [8]
 

 . Chemical cites
 
 Maschio v. Benz,
 
 No. 91 Civ. 6625, 1992 WL 395626 (S.D.N.Y. Dec. 11, 1992), for the proposition that service of a complaint before it is filed with the Court renders service invalid.
 
 Maschio
 
 involved service of an original complaint, where a summons had not yet been issued.
 

 [9]
 

 . “On a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff.”
 
 Bolt Elec., Inc. v. City of N.Y.,
 
 53 F.3d 465, 469 (2d Cir. 1995) (citations omitted);
 
 Scheuer v. Rhodes,
 
 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). "The district court should grant such a motion only if, after viewing plaintiffs allegations in this favorable light, 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’ ”
 
 Walker v. City of N.Y.,
 
 974 F.2d 293, 298 (2d Cir.1992) (quoting
 
 Ricciuti v. New York City Transit Auth.,
 
 941 F.2d 119 (2d Cir. 1991) (quoting
 
 Conley v. Gibson,
 
 355 U.S. 41, 45 — 46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957))),
 
 cert. denied,
 
 507 U.S. 961, 113 S.Ct. 1387, 122 L.Ed.2d 762 (1993).
 

 [10]
 

 . One district court has held that a claim of ongoing discrimination is not "reasonably related” to the EEOC charge, where the charge alleged a single incident of non-promotion.
 
 Goodwin-Kuntu v. Hoechst-Roussel Pharmaceuticals, Inc.,
 
 157 F.R.D. 445, 447 (N.D.Ill.1994) (reasoning that to allow someone to so greatly expand their discrimination claim would undermine the purpose for the condition precedent of the EEOC charge). The Court agrees with the reasoning of the
 
 Goodwin
 
 court, but will proceed to apply the full "reasonably related” analysis used in the Second Circuit.
 

 [11]
 

 . This means that there are no possible claims of discriminatory acts occurring between February 13, 1990 (when the 300-day statute of limitations began), and the filing of the EEOC charge. Hence, the Court need not consider this time period. Furthermore, relevant Second Circuit case law assumes that a Plaintiff will include all timely allegations in the EEOC charge.
 
 See Butts,
 
 990 F.2d at 1401-04.
 

 [12]
 

 . Plaintiff’s ongoing discrimination claims do not fall into the second or third "reasonably related” categories. Plaintiff does not allege that
 
 *313
 
 subsequent denials of promotions were in retaliation for the filing of the EEOC charge (the second category). Further, Plaintiff fails to allege any other specific incidents where Defendant allegedly failed to promote him. Accordingly, the Court concludes his allegations are too vague to qualify under
 
 Butts
 
 as a practice of "further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge.”
 
 See Butts,
 
 990 F.2d at 1402.