Patricia FARRELL, Plaintiff,

v.

STATE OF NEW YORK; New York State Division of State Police; James W. McMahon, Superintendent of the New York State Police; New York State Bureau of Audit and Control; David Dennin, and Dennis Conway, Individually and as Members of the New York State Division of State Police, Defendants.

No. 95–CV–1136.

United States District Court, N.D. New York.

Nov. 25, 1996.

Dennis C. Vacco, Attorney General of the State of New York, Albany, NY (Deirdre Roney, Asst. Atty. Gen., of counsel), for defendants.

Kindlon & Shanks, P.C., Albany, NY (James E. Long, of counsel), for plaintiff.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND & FACTS

The plaintiff, PATRICIA FARRELL, brings this case alleging violations of Title VII, 42 U.S.C. § 1983 and the equal protection clause, and various state law actions both known and unknown to this Court.

More specifically, the plaintiff has been a New York State Trooper since 1979. She achieved the rank of sergeant in 1986, and currently is an investigator with the Community Narcotic Enforcement Team. The plaintiff charges that the defendants have maintained inadequate affirmative action policies, have subjected the plaintiff to sexual harassment or failed to take action to remedy complaints of sexual harassment, have maintained unequal facilities, and have discriminated against the plaintiff on the basis of her gender in job assignments and promotional opportunities.

As to the alleged inadequate affirmative action policies, the plaintiff alleges that from the date she started her employment with the New York State Police inadequate mechanisms for handling complaints of sex discrimination have existed at work. The plaintiff provides no more specific factual foundation for this claim.

As to the alleged acts of sexual harassment, the plaintiff alleges that from the time she entered the academy to train to become a Trooper she was subjected to acts of harassment. The specific acts complained of are: (1) in mid to late 1990 derogatory and demeaning materials relative to the plaintiff's pregnancy were posted on bulletin boards and on her personal locker; (2) without specifying dates, the plaintiff alleges that her identification was defaced, her name was crossed off work schedules, her locker was tipped forward, stripes were partially ripped off her uniform, a photograph of her daughter was defaced; (3) at some point in 1992, the message "Merry Christmas Bitch (if you're still here)" was left on the December 25, 1992, page of her calendar; (4) in 1994 a fully loaded magazine from her gun belt was stolen; and (5) during 1994 and 1995 the plaintiff received harassing telephone calls. The plaintiff alleges that she reported these incidents to her supervisors, but that no action was taken. The defendant Dennin was her supervisor prior to 1993, and during 1993 the defendant Conway became the plaintiff's supervisor.

The plaintiff further alleges that training materials and other written materials distributed by the Division are gender biased, referring only to men. She also alleges, without specificity, that sexually explicit jokes about male genitalia, battered women, and rape are common during speeches and training seminars attended by male and female officers.

As to the alleged unequal facilities, the plaintiff alleges that the locker and toilet facilities supplied for female officers are inferior to those provided for use by males. There is no factual elaboration of this claim.

As to the alleged job assignment discrimination and failure to promote, the plaintiff alleges a number of incidents. First, the plaintiff alleges that in 1987, after achieving the rank of sergeant, she applied for a position for which she was qualified at the Bureau of Criminal Investigation. She did not receive the position. In February of 1990, an internal memo solicited applicants for the position of Senior Investigator, and set forth qualifications criteria. The plaintiff alleges

that she met the criteria, but that on December 31, 1993, a male who did not meet the criteria was elevated to the position. It is alleged that this failure to promote was based on her gender.

Second, the plaintiff alleges that she has from 1989–1991 received "Outstanding" performance evaluations. However, in 1992 she received a significantly lower evaluation. She was given no explanation, and was denied a semi-annual review, to which she claims she was entitled, to assess if progress had been made. It is also alleged that the motivation for this lower evaluation was to hurt the plaintiff's chances for making the rank of lieutenant, as it was known that the plaintiff was preparing to take the lieutenant's exam in May 1993.

Third, in 1993, the plaintiff was investigated for an incident of alleged racial discrimination. The defendant Conway informed the plaintiff that the allegations were determined to be unfounded. However, the plaintiff alleges that there was an improper disclosure of parts of the complaint that had been filed. The plaintiff complained to the defendant Conway and asked that the disclosure be investigated, but he declined.

Fourth, in late June 1993, the plaintiff initiated a personnel complaint against one former and two current supervisors [1] for allegedly creating a hostile work environment. Allegedly in retaliation for that complaint, the plaintiff alleges that the defendant Conway issued a written memorandum to the plaintiff referring to the incident of alleged racial discrimination investigated previously. In addition, the plaintiff was reassigned certain duties and responsibilities.

Fifth, also in June 1993, the plaintiff reported that she had information regarding alleged cheating on promotional examinations. Allegedly as a result of this complaint, the plaintiff was referred to the Employee Assistance Program, a referral program for Troopers with deteriorating work performance.[2] It is not expressly alleged that this action was taken on account of her gender or in retaliation for making a sexual harassment complaint.

Sixth, prior to January 12, 1994, the plaintiff alleges that she was twice threatened by the defendant Conway with being charged with violations of the Penal Law. The violations are not specified in the Complaint. This prompted the plaintiff to become unable to work and to seek medical and psychological treatment for stress. On August 2, 1994, the plaintiff was threatened by the defendant Conway with criminal arrest. The proposed charge is not specified. Additionally, the plaintiff alleges that she was verbally maligned and ridiculed in front of subordinates. Finally, on August 3, 1994, the plaintiff was subjected to a crude and offensive gesture and remark by a Trooper Gannon.

Seventh, the plaintiff alleges that on or about August 29, 1994, a fully loaded division issued magazine was stolen from her gun belt.

The plaintiff alleges that all of the above acts were committed because she is a woman, and that all were designed to harass her or to effectuate sexual discrimination.

The defendant has moved to dismiss the plaintiff's Complaint for failure to state a cause of action for which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). It is the defendant's contention that certain of the plaintiff's allegations are time-barred, both as to the Title VII claim and as to the 42 U.S.C. § 1983 claim, that the Court lacks subject matter jurisdiction over the Title VII claim because of a failure to obtain a right to sue letter, that the Title VII claim may only be asserted as against her employer, the New York State Division of State Police, that the 42 U.S.C. § 1983 claim must be dismissed as against certain defendants, that the Complaint fails to state a claim for sexual harassment as against the defendants Conway and Dennin, and that the state law claims should be dismissed. The Court now turns to the issues presented.

---

1. Although not named, the Court presumes that this includes one or more of the individual named defendants.

2. The plaintiff alleges in Complaint ¶ 24 that up until that date she had received excellent reviews for her work performance. However, in ¶ 18 the plaintiff alleges that in 1992 she was given a significantly lower evaluation.

## II. DISCUSSION

### A. Failure To Obtain A Right To Sue Letter

The initial issue for this Court goes to the statutory requirements, under Title VII, for filing a Complaint in federal court.

As a general rule, Title VII requires a claimant who wishes to bring a suit in federal court, inter alia, to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within one hundred eighty (180) days "after the alleged unlawful employment practice occurred," or within three hundred 300 days of the alleged discrimination if the claimant "has initially instituted proceedings with a State or local agency with authority to grant or seek relief ... or to institute criminal proceedings ..." 42 U.S.C. § 2000e–5(e) (300 day period is the available filing period for claimants in New York which has. its own fair employment laws). Title VII further provides that "a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved" within 90 days of receipt of what is known as a "right-to-sue" letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1). Failure to file before this time elapses requires the court to dismiss a subsequent lawsuit as untimely. *See, e.g., Delaware State College v. Ricks,* 449 U.S. 250, 256, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980); *Smith v. McClammy,* 740 F.2d 925, 927 (11th Cir. 1984).

Timely filing and receipt of a right-to-sue letter is a statutory pre-requisite to bringing a Title VII claim. *Miller v. International Telephone & Telegraph Corp.,* 755 F.2d 20, 22–23 (2d Cir.), *cert. denied* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985). In other words, timely filing is a condition precedent to suit "and is subject to waiver, estoppel, or tolling only upon a showing by plaintiff of a sufficient reason for such equitable modification." *Hladki v. Jeffrey's Consolidated, Ltd.,* 652 F.Supp. 388, 392 (E.D.N.Y.1987). In the most closely analogous case that the Court has been able to find, the Eleventh Circuit held that where a party was able to demonstrate that it "was unable to obtain a right-to-sue letter from" the appropriate agency, equitable modification of the prerequisites to suit under Title VII was appropriate, such that the failure to obtain a right to sue letter was not a bar to the federal action. *See Fouche v. Jekyll Island–State Park Authority,* 713 F.2d 1518, 1526 (11th Cir.1983) (Given that the plaintiff "has diligently attempted to obtain the required notice, but the Attorney General has refused to issue it[, to] dismiss her Title VII claim for failure to receive the proper notice when she is unable to obtain it would obviously be unfair ...").

In the instant case, the plaintiff has set forth facts showing that equitable modification should apply in this case. The plaintiff filed a Complaint with the EEOC on or about July 30, 1993. No further action was taken by the EEOC for approximately two years. At that point, the plaintiff attempted to serve a second complaint on the New York State Division of Human Rights ("DHR"), with a copy to be filed with the EEOC, setting forth additional acts of harassment that allegedly occurred subsequent to the first complaint. The second complaint was rejected. The plaintiff then tried to personally serve a DHR Human Rights Specialist with the second complaint, but the individual refused such service without explanation. By letter dated August 3, 1995, the plaintiff then sought a written explanation from the DHR. No response was given. On August 16, 1995, the present action was commenced.

The Court recognizes that application of the doctrine of equitable modification is reserved for extraordinary situations, and that strict adherence to procedural requirements is favored. *See Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984). Departure from this rule is reserved for those instances precipitated by exceptional circumstances. *See Nurse v. City of New York,* 739 F.Supp. 811 (S.D.N.Y.1990). *Nurse* was cited by the defendant in support of its argument that the failure of the plaintiff to obtain a right-to-sue letter should result in dismissal. However, *Nurse* actually favors the plaintiff's position.

In *Nurse,* the plaintiff failed to obtain a right-to-sue letter from the EEOC, and the Court dismissed the case. *Id.* Significant to the Court's decision not to "toll or waive the statutory requirement" was the fact that "there [was] no proof that Nurse made any attempt to procure such letter." *Id.* It is clear to the Court that the plaintiff herein diligently attempted to comply with the prerequisites for filing the instant action. A party should not be penalized, in a situation such as the one in this case, when the failure to strictly comply with the statutory dictates is not a result of the party's action or inaction. This case presents exceptional circumstances favoring application of equitable modification. Accordingly, this Court holds that it has subject matter jurisdiction over the instant action, and will waive the procedural requirement under the statute.

### B. Proper Defendant To Title VII Claim

The Court now turns to the issue of who the proper defendants are with respect to the Title VII claim. The defendants argue that the sole defendant who can be held liable under Title VII is the employer; in this case the New York State Division of State Police. The plaintiff argues that in addition to the State Police, James McMahon, Superintendent of the State Police, may also be held liable. For the following reasons, the Court holds in favor of the defendants.

Title VII provides, in relevant part, that "[i]t shall be an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex." 42 U.S.C. § 2000e-2(a). The term "employer" is defined in Title VII as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b).

3. A recent non-reported District Court case seemed to hold that an individual sued in his/her official capacity could be liable under Title VII as the agent or supervisor of the plaintiff, or as a participant in the alleged harassment conduct. *See*

After noting the split in the federal circuits and in the district courts of this Circuit, in *Tomka v. Seiler Corp.,* the Second Circuit definitively held that "[i]ndividual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII." 66 F.3d 1295, 1313 (2d Cir.1995). Accordingly, no individual defendant may be named as a defendant to the Title VII claim. Moreover, as the State of New York and the New York State Bureau of Audit and Control are not the employers of the plaintiff, they may not be named as defendants to the Title VII action.[3]

Based on the above discussion, the Court dismisses the Title VII claim as against all defendants, with the exception of the New York State Division of State Police.

### C. Reasonable Relation Of Claims Asserted Herein To EEOC Claims

It is well-settled that a "court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge." *Butts v. City of New York Dep't of Housing Preservation and Dev.,* 990 F.2d 1397, 1401 (2d Cir.1993), *quoting Stewart v. United States INS,* 762 F.2d 193, 198 (2d Cir.1985). The Second Circuit has held that subsequent conduct is reasonably related in three instances: "where the later claim (1) would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, (2) alleges 'retaliation by an employer against an employee for filing an EEOC charge', or (3) alleges 'further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge.'" *Choi v. Chemical Bank,* 939 F.Supp. 304, 311 (S.D.N.Y.1996), *citing Butts v. City of N.Y. Dep't of Housing Preservation and Dev.,* 990 F.2d 1397, 1402–03 (2d Cir.1993).

*Walker v. ATI of Montgomery County,* 1996 WL 465310 *13 (N.D.N.Y.1996). However, the cases cited in support of this proposition are unreported District Court cases decided before *Tomka.*

The defendant argues that the Court should permit the plaintiff to allege only that claim complaining of an alleged failure to promote on discriminatory grounds. It appears from a close reading of the defendant's papers that the defendant objects to allegations by the plaintiff setting forth alleged discriminatory acts that occurred prior to the alleged failure to promote. Such acts include allegations of sexual harassment, inadequate facilities, and denial of certain job assignments, and according to the defendant are not reasonably related to the failure to promote claim asserted in the plaintiff's original EEOC Complaint. *See* Complaint ¶¶ 11–16. The defendant makes no argument relating to the alleged retaliation asserted in the Complaint.

The plaintiff does not oppose the defendant's argument that acts occurring before the alleged failure to promote on December 31, 1992, are not reasonably related to the charge contained in the original EEOC Complaint. Rather, the plaintiff limited her argument to claiming that certain acts subsequent to the denial of promotion were retaliatory for her making a complaint, are reasonably related to the failure to promote claim, or should be permitted under a theory of "loose pleading."

▇▇▇ Applying the legal standard set forth above, the Court will permit the claims of alleged retaliation occurring subsequent to the plaintiff's filing of the EEOC Complaint, and will dismiss all claims of acts occurring prior to the alleged failure to promote.

As to the alleged retaliatory acts, it is clear that such claims may be considered by the Court. *See Choi*, 939 F.Supp. at 311. Thus, the Court will permit the plaintiff to continue the civil prosecution of the allegations alleged in paragraphs 22–26 of the Complaint. Moreover, the plaintiff attempted to file an second EEOC Complaint alleging retaliation on the part of her employer, but was refused the ability to do so by the NYDHR. Thus, as stated previously, any claim that the plaintiff failed to satisfy procedural prerequisites is of no moment.

As to the allegations of alleged harassing conduct occurring prior to the plaintiff's EEOC complaint claiming a failure to promote, no such allegations will be considered by this Court, unless the plaintiff can show a continuing violation. The acts do not fall within the *Choi* exceptions, as those exceptions relate solely to subsequent conduct. Moreover, those acts were not contained in either of the plaintiff's EEOC Complaints. The original EEOC Complaint alleged a claim of gender based failure to promote. Claims of sexual harassment, inadequate facilities, and denial of certain job assignments are in no way reasonably related to that express claim. Moreover, the plaintiff's second EEOC Complaint alleged retaliation acts only. Thus, the alleged wrongful conduct set forth in paragraphs 10–21, with the exception of the failure to promote, will not be considered by this Court, absent a showing of a continuing violation.

### D. Continuing Violation

▇▇▇ In New York a plaintiff has 300 days in which to file a charge with the EEOC. 42 U.S.C. § 2000e–5(e). If a plaintiff fails to file a timely charge with the EEOC, then the claim is time-barred. *Id.* This limitations period can be tolled by evidence of a continuing violation, waiver, estoppel, or equitable tolling, thus allowing the Court to consider incidents occurring outside of the 300–day time frame. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132–33, 71 L.Ed.2d 234 (1982); *Carrasco v. New York City Off–Track Betting Corp.*, 858 F.Supp. 28, 31 (S.D.N.Y. 1994), *aff'd* 50 F.3d 3 (2d Cir.1995). " 'Under [the] continuing violation doctrine, where the defendant has engaged in a continuous policy of discrimination, acts in furtherance of that policy are not viewed in isolation. In such circumstances, if the charge has been filed no later than 300 days after the last act by the defendant pursuant to its policy, the plaintiff may recover for earlier acts of discrimination as well.' " *Choi*, 939 F.Supp. at 311 (citation omitted) (internal quotation marks omitted). This exception provides that where evidence of an ongoing discriminatory policy or practice is present, the Court may consider all of an employer's actions allegedly taken pursuant to such policy, even if some are time-barred. *Van Zant v. KLM Royal Dutch*

*Airlines,* 80 F.3d 708, 713 (2d Cir.1996). Nonetheless, "multiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation." *Lambert v. Genesee Hospital,* 10 F.3d 46, 52 (2d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1612, 128 L.Ed.2d 339 (1994); *see Cornwell v. Robinson,* 23 F.3d 694, 704 (2d Cir.1994). A continuing violation may be found if the proof shows a specific and ongoing policy or practice of discrimination, or if an employer allows specific, related instances of discrimination to continue unremedied such that those instances amount to a discriminatory practice or policy. *Van Zant,* 80 F.3d at 713; *Cornwell,* 23 F.3d at 703.

▆▆▆▆ Nevertheless, the Court notes that "the continuing violation doctrine is disfavored in this Circuit, and will be applied only upon a showing of compelling circumstances." *Lloyd v. WABC–TV,* 879 F.Supp. 394, 399 (S.D.N.Y.1995); *see Blesedell v. Mobil Oil Co.,* 708 F.Supp. 1408, 1415 (S.D.N.Y. 1989); *LaBeach v. Nestle Co., Inc.,* 658 F.Supp. 676, 687 (S.D.N.Y.1987). As will be shown below, based on the facts in this case, the plaintiff cannot prevail on a theory of continuing violation.

As an initial matter, it is not argued that the defendant maintained a discriminatory policy. Thus, the Court's inquiry is limited to whether the acts occurring outside the limitations period are related to those within. *See Blesedell,* 708 F.Supp. at 1415 n. 8. However, the plaintiff's sole argument is that other acts of harassment should have been uncovered if the EEOC had conducted an investigation. No showing is made that the conduct complained of, i.e., failure to promote, is related to other alleged harassing conduct occurring outside the 300 day period. The alleged sexual harassment, inadequate facilities, and denial of certain job assignments are in no way related to the denial of a promotion. They are not within the scope of an investigation into a failure to promote, and they do not concern harassment performed in the same manner as that com-

plained of in the original EEOC Complaint. *See Rivera v. Puerto Rican Home Attendants Services, Inc.,* 930 F.Supp. 124, 128 (S.D.N.Y.1996). Accordingly, allegations of conduct occurring prior to the 300 day limitations period are dismissed, insofar as they relate to the Title VII claim.

Thus, the Court holds that the plaintiff may maintain a Title VII claim as against the State Police only, and only with respect to such acts, occurring within the 300 days prior to the filing of the EEOC Complaint, that relate to the alleged failure to promote, and alleged retaliation for filing the EEOC Complaint.

### E. Motion For Dismissal Of 42 U.S.C. § 1983 Claim As Against Certain Defendants

The plaintiff concedes that the 42 U.S.C. § 1983 claims asserted as against the defendants State of New York, the New York State Bureau of Audit and Control, the New York State Division of State Police, and all individual defendants in their official capacities must be dismissed.

▆▆▆ As to the defendant McMahon the Court cannot find a single allegation in the Complaint alleging his personal involvement. As the personal involvement of a defendant in the alleged wrongful conduct is a prerequisite to recovery, the claim asserted against the defendant McMahon should be dismissed. See *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir.1995); *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994), *quoting Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir.1991).

The remaining defendants for consideration are the defendants Conway and Dennin.

▆▆▆▆ To state a valid civil rights claim under 42 U.S.C. § 1983, a Plaintiff must allege facts showing that a person acting under color of state law deprived the Plaintiff of a right, privilege, or immunity secured by the United States Constitution or the laws of the United States.[4] *West v. Atkins,* 487 U.S. 42,

**4.** 42 U.S.C. § 1983 states:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any

State Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdic-

108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Kern v. City of Rochester,* 93 F.3d 38, 43 (2d Cir.1996); *Costello v. Fairfield,* 811 F.2d 782 (2d Cir.1987). The Court notes that federal courts may not apply a "heightened pleading standard" to civil rights claims under 42 U.S.C. § 1983. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). It is undisputed that both Dennin and Conway, as state troopers and the supervisors of the plaintiff act under color of state law. The sole issue for the Court is whether the plaintiff has alleged sufficient facts of a violation of constitutional or federal rights to survive a motion to dismiss.

## 1. Motion To Dismiss Pursuant To Fed.R.Civ.P. 12(b)(6)

On a dismissal motion for failure to state a claim the general rule is that the allegations in a plaintiff's complaint are deemed to be true and must be liberally construed in the light most favorable to the plaintiff. *Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir.1984), *cert. denied* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). A complaint should not be dismissed unless it appears beyond a reasonable doubt that the plaintiff cannot in any way establish a set of facts to sustain her claim which would permit relief. *Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *Bass v. Jackson,* 790 F.2d 260, 262 (2d Cir.1986).

## 2. Deprivation Of Rights Secured By The Constitution And Laws

The right allegedly violated by the defendants is the right to be free from sexual discrimination and sexual harassment.

 It is now well-established in this Circuit that "[s]ex discrimination—is covered by § 1983." *Annis v. County of Westchester,* 36 F.3d 251, 254 (2d Cir.1994). As noted in *Annis,* "[t]he Supreme Court declared fifteen years ago that individuals have a constitutional right under the equal protection clause

to be free from sex discrimination in public employment." *Id., citing Davis v. Passman,* 442 U.S. 228, 234–35, 99 S.Ct. 2264, 2271–72, 60 L.Ed.2d 846 (1979). This Circuit has also held that a plaintiff may maintain a 42 U.S.C. § 1983 action based on sexual harassment. *See Annis,* 36 F.3d at 254. The *Annis* Court stated that although sexual harassment does not equal sex discrimination, under certain circumstances, such as harassment "calculated to drive someone out of the workplace, the harassment is tantamount to sex discrimination." *Id.* In the plaintiff's second cause of action she alleges that she was denied her right to equal protection for the failure to promote and for unequal access to facilities. Complaint ¶ 30. It is claimed by the plaintiff that this is sexual harassment.

 Before discussing the elements of an equal protection claim of sexual harassment, the Court notes that unlike the Title VII claim, which limits consideration of allegations to those occurring within 300 days of the filing of the EEOC Complaint,[5] for the purposes of the plaintiff's second cause of action, a 42 U.S.C. § 1983 claim, the statute of limitations is three years. *See Soto v. Brooklyn Correctional Facility,* 80 F.3d 34, 35 (2d Cir.1996); *citing Owens v. Okure,* 488 U.S. 235, 236, 109 S.Ct. 573, 574, 102 L.Ed.2d 594 (1989). Thus, certain allegations in the Complaint that were excluded from consideration when within the scope of the Title VII claim may be considered when determining whether the plaintiff has alleged a viable 42 U.S.C. § 1983 claim. The Complaint in this case was filed on August 16, 1995. Therefore, all allegations from August 16, 1992, until the filing date may be considered by the Court, and must be assumed to be true, in connection with the defendant's motion to dismiss the 42 U.S.C. § 1983 claim.

 "To sustain an equal protection claim of sexual harassment, a plaintiff must show both 'sexual harassment' and an 'intent' to harass based upon that plaintiff's membership in a particular class of citizens." *Wise*

---

tion thereof to the depravation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

5. The Court applies the 300 day limitations period in this case because, as found above, the continuing violation theory does not apply.

*v. New York City Police Dep't,* 928 F.Supp. 355, 367 (S.D.N.Y.1996). There are two forms of sexual harassment that violate Title VII's prohibitions against workplace inequality: (1) quid pro quo and (2) hostile work environment harassment. *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1304-05 (2d Cir.1995), *citing Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 64-65, 106 S.Ct. 2399, 2404-05, 91 L.Ed.2d 49 (1986). It is clear from the Complaint and the arguments of counsel that the plaintiff is concerned solely with hostile work environment harassment.

 Hostile work environment sexual harassment occurs when an employer's conduct "has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment." *Tomka,* 66 F.3d at 1305 (internal quotations omitted). The determination of whether there is a hostile or abusive environment in the workplace—from both a reasonable person's standpoint as well as the victim's subjective perception—can only be determined by considering the totality of the circumstances. *Tomka,* 66 F.3d at 1305 (citation omitted).

 Both Conway and Dennin are alleged to have had supervisory authority over the plaintiff. However, this fact alone is insufficient to hold the defendants liable for damages for constitutional violations alleged under § 1983. *See Black v. Coughlin,* 76 F.3d 72, 74 (2d Cir.1996). The plaintiff must allege that the two defendants were "personally involved" in actions that cause the deprivation of constitutional rights. *Id.* This Circuit had stated that personal involvement includes: "(1) direct participation, or (2) failure to remedy the alleged wrong after learning of it, or (3) creation of a policy or custom under which unconstitutional practices occurred, or (4) gross negligence in managing subordinates." *Id.; Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994).

### 3. Defendant Conway

 As to the defendant Conway, the plaintiff has pleaded a viable claim, such that the Court should not dismiss the 42 U.S.C. § 1983 claim asserted against that defendant.

All of the following acts occurred within the limitations period and are attributed to Conway by way of direct participation or a failure to remedy the alleged wrong after learning of it: (1) in 1993, the defendant Conway failed to act on a report of improper disclosure of the complaint of racial discrimination alleged against the plaintiff; (2) in 1994 and 1995, the defendant Conway failed to act on reports of the theft of the plaintiff's loaded magazine, and harassing phone calls; (3) in June 1993, the plaintiff was harassed by the defendant Conway after complaining of cheating on the promotional exams; (4) prior to January 12, 1994, the plaintiff was threatened with criminal prosecution, and later that year again threatened with arrest.

Any allegations from prior to the time that the defendant Conway became her supervisor are inapplicable to the claim against Conway. Moreover, the allegation of improper referral to the Employee Assistance Program is inapplicable to the claim asserted against any defendant. In fact the plaintiff had been given an unfavorable review in early 1992 and thus, was properly referred. As to the propriety of the review itself, it occurred before August 16, 1992, and thus, is barred by the applicable statute of limitations. Nevertheless, the plaintiff has alleged facts that, when taken as true allege "sexual harassment," either by direct participation or failure to remedy a known wrong.

### 4. Defendant Dennin

 As to the defendant Dennin, the time period during which he was the plaintiff's supervisor, that is not excluded from consideration by the statute of limitations, is August 16, 1992, through some unspecified time in 1993 when the defendant Conway became the plaintiff's supervisor. After examining the Complaint, the allegations relating to the defendant Dennin during that period of time are that the defendant Dennin allegedly slammed a door in the plaintiff's face and called her a "sick person" who needed help. The Court cannot determine from the Complaint, even assuming all allegations to be true, that any other specific event occurred during the discrete time period set forth above that is attributable to the defen-

dant Dennin. It has long been the law in this Circuit that "more than an episodic pattern" of harassing behavior must be alleged to set forth a claim of sexual harassment. *See Lopez v. S.B. Thomas, Inc.,* 831 F.2d 1184, 1189 (2d Cir.1987) (Rule stated in context of summary judgment motion). In this case, as to defendant Dennin, only conclusory assertions and a single event are alleged. Accordingly, the 42 U.S.C. § 1983 claim alleged against the defendant Dennin should be dismissed.

Thus, as to the 42 U.S.C. § 1983 claim, the Court holds that a viable claim is alleged by the plaintiff as against the defendant Conway, although the allegations supporting such claim are limited to those facts occurring on or after August 16, 1992.

### F. State Law Claims

The defendant has moved to dismiss the plaintiff's common law causes of action for "discrimination," "harassment," or "misfeasance and/or malfeasance," and the cause of action for "any other causes of action that might be cognizable based upon the facts alleged herein." The plaintiff has not opposed the dismissal of these "claims." Accordingly, the Court hereby dismisses the aforementioned claims.

### III. CONCLUSION

For the reasons stated above, the Court hereby GRANTS IN PART AND DENIES IN PART the defendants' motion to dismiss the plaintiff's Title VII claim, as set forth herein, and further GRANTS IN PART AND DENIES IN PART the defendants' motion to dismiss the plaintiff's 42 U.S.C. § 1983 claim, as set forth herein, and further GRANTS the defendants' motion to dismiss certain of the plaintiff's state law claims.

IT IS SO ORDERED.